## STATE OF MINNESOTA *vs.* D. E. DWYER.

### May 1, 1875.

**Municipal Township—Regulation of Sale of Intoxicating Liquors.**—By sec. 3, ch. 13, Sp. Laws 1870, it is enacted that the supervisors of Albert Lea shall have full and exclusive power and authority to grant licenses, and to regulate all persons vending or dealing in intoxicating liquors, *provided* that no license shall be granted for a less term than one year. *Held,* 1. That it is competent for the legislature, in the absence of constitutional restraint, to invest the supervisors of a municipal township, though a *quasi* corporation only, with the power and authority specified.

**Same—Revocation of Licenses.**—2. That the provision that no license shall be granted for a less term than one year, does not deprive the supervisors of the right, in the exercise of their power of regulation, to revoke a license, before the expiration of the year for which it was granted.

Defendant was convicted before a justice of the peace, upon a complaint for unlawfully selling spirituous liquors in the town of Albert Lea, contrary to an ordinance adopted by the supervisors of the town.　Upon appeal to the district court for Freeborn county, the defendant was tried before *Page*, J., and a jury, who found a verdict against him, upon which judgment was entered, from which this appeal is taken.

*Gordon E. Cole* and *D. B. Johnson, jr.,* for appellant.

*A. M. Tyrer*, for the State.

BERRY, J.　By sec. 3, ch. 13, Sp. Laws 1870, it is enacted that " the supervisors of the town of Albert Lea shall

have full and exclusive power and authority * * * to grant licenses, and to regulate * * * * all persons vending or dealing in spirituous, vinous, fermented, mixed or intoxicating liquors ; *provided,* that the license for so dealing in * * liquors shall be at least fifty dollars a year, and as much higher as the council shall direct, and that no license shall be granted for a less term than one year ; *and provided further,* that no license shall be issued until the money is first paid."

In the exercise of its general legislative power, it is entirely competent for the legislature, in the absence of constitutional restraint, to invest the supervisors of a municipal township, though a *quasi* corporation only, with the authority specified above. The defendant's position to the contrary is therefore not well taken.

By virtue of the section cited, and other sections of the same chapter, authorizing the passage of ordinances, the supervisors passed an ordinance providing for the granting of licenses to sell liquors, and requiring that before any license should be issued, the licensee should give a bond, conditioned, among other things, that no liquors should be sold to any person then being intoxicated, or to any minor, and providing further that any license may be revoked at any time by the board of supervisors, "whenever it shall appear to its satisfaction * * that any conditions of the bond aforesaid have been violated."

The words, " whenever it shall appear to its satisfaction," require that the *fact* upon which the revocation is to be based, should appear, and of course that such fact should have an actual existence, so that the supervisors are not authorized to revoke arbitrarily and at pleasure. With this construction, these provisions of the ordinance respecting the condition of the bond, and the revocation of the license, are *regulations* of persons vending liquors, and are therefore expressly authorized by the before-quoted terms of § 3 of the act of 1870. The fact that the power to license is made subject to the proviso that no license shall be granted for a

33

less term than one year, does not deprive the supervisors of authority to enact that the license shall be revoked within the year, if the lawful conditions upon which it is granted are violated. This is but an exercise of the power of regulation, a power coexistent with, and not inconsistent with the power to license for not less than a year. The license is still to be *granted* for not less than a year, but it is subject to revocation upon conditions which the supervisors are authorized to prescribe, in the exercise of their power of regulation.

Some months before the expiration of the year for the term of which the license in question in this case was issued to the defendant, the board of supervisors passed a resolution revoking the same, on the ground that it appeared to the satisfaction of the board that the defendant had violated the conditions of his bond, "by selling spirituous liquors to minor persons, and a person then being intoxicated, during the period of said license." The defendant was duly notified of the passage of the resolution.

The actual occurrence of the facts stated in the resolution as the grounds upon which it was passed, not being questioned, it follows from what we have before said that the passage of the resolution, with the notice thereof given to defendant, were effectual to revoke defendant's license. Whether the notice was indispensable or not, we need not enquire. Judgment affirmed.