JOHNSON v. LIQUOR CONTROL COMMISSION.

1. CONSTITUTIONAL LAW—LEGISLATURE—POWER AS TO LIQUOR CONTROL COMMISSION.

Article 16, § 11, of the State Constitution gives the legislature the right to impose such limitations as it may deem proper upon the control to be exercised by the liquor control commission.

2. SAME—DELEGATION OF POWER—LOCAL LEGISLATIVE BODY—REVOCATION OF LIQUOR LICENSE.

Revocation of license to sell liquor in county of less than 500,000 population by liquor control commission upon request of local legislative body is not an invalid delegation of power but a statutory limitation upon the commission's power properly imposed by the legislature (Act No. 8, Pub. Acts 1933 [1st Ex. Sess.]).

3. INTOXICATING LIQUORS—CONTROL OF TRAFFIC.

The liquor business is such that local communities should be permitted to regulate the traffic within their own bounds in the proper exercise of their police powers subject to the larger control of the liquor control commission as to matters of which it is given exclusive power by the legislature.

4. CONSTITUTIONAL LAW—DELEGATION OF POWER—LOCAL GOVERNMENT.

The legislature, as a general rule, cannot delegate its legislative powers, but it may confer upon municipal corporations the powers of local government, particularly in regard to local taxation and police regulations.

5. SAME—LOCATION OF SALOONS.

The legislature may confer upon municipal corporations the right to determine where saloons may be kept.

6. SAME—LIQUOR LICENSES—IMPAIRMENT OF CONTRACTS.

A liquor license issued under Act No. 8, Pub. Acts 1933 (1st Ex. Sess.), is not a contract within the protection of the impairment of obligation of contract clause of the Constitution, provisions in the statute seemingly to the contrary notwithstanding.

7. INTOXICATING LIQUORS—LICENSES—VESTED PROPERTY RIGHTS.

A liquor licensee has no vested property right in his license.

8. CONSTITUTIONAL LAW—POLICE POWER—LIQUOR TRAFFIC—LICENSES.
   The exercise of the police power over public morals or public
   health cannot be limited by the legislature by establishment of
   an irrepealable contract or license as to the liquor traffic.

9. INTOXICATING LIQUORS—LICENSES.
   A liquor license is only a promise to enjoy the privilege on the
   terms named for a specified time, unless it be sooner revoked.

10. CONSTITUTIONAL LAW—REVOCATION OF LIQUOR LICENSE—DUE
    PROCESS—APPEAL FROM LOCAL GOVERNING BODY.
    The revocation of a liquor license does not deprive a citizen of
    his liberty or property without due process of law in that no
    review or appeal from the determination by the local governing
    body is provided (Act No. 8, Pub. Acts 1933 [1st Ex. Sess.]).

Mandamus by Jesse Johnson to compel the Liquor
Control Commission to set aside its order revoking
a liquor license. Submitted March 28, 1934. (Cal-
endar No. 37,790.) Writ denied April 28, 1934.

*Clyde W. Ketcham,* for plaintiff.

*Patrick H. O'Brien,* Attorney General, and *Jud-
son E. Richardson,* Assistant Attorney General, for
defendant.

BUTZEL, J.  Jesse Johnson, proprietor and owner
of the City Hotel, in Allegan, Michigan, seeks a writ
of mandamus to compel the liquor control commis-
sion to vacate and set aside its order of March 1,
1934, revoking a liquor license issued to him on
May 1, 1933. The revocation was made in accord-
ance with a resolution of the city council of Allegan,
requesting the commission to revoke plaintiff's
license. Plaintiff does not allege that the action of
the common council was either arbitrary or capri-
cious, nor does he raise the question as to whether
he would be entitled to resort to the courts were the
council's action of that character. However, plain-
tiff assails the constitutionality of that part of Act

No. 8, Pub. Acts 1933 (1st Ex. Sess.), § 17, immediately following the provision in regard to the issuance of licenses, which reads as follows:

"*Provided, however,* That all applications for licenses to sell beer and/or wine and/or spirits for consumption on the premises shall be approved by the local legislative body in which said applicant's place of business is located before being granted a license by the commission: *Provided further,* That upon request of the local legislative body, the commission shall revoke the license of any licensee granted a license to sell beer and/or wine and/or spirits for consumption on the premises: *Provided further,* That these provisos shall not apply in counties having a population of five hundred thousand or over, according to the last Federal census."

Plaintiff contends that the mandatory direction to the commission to revoke the license of any licensee upon the request of the local legislative body is unconstitutional and void in the following respects: (1) It deprives the liquor control commission of absolute control, and is an illegal delegation of a part of the powers of the commission to another body not contemplated by the constitutional amendment; (2) it impairs the obligations of plaintiff's alleged contract; (3) it deprives him of property without due process of law.

The constitutional amendment adopted at the general election on November 8, 1932, and known as article 16, § 11, of the State Constitution, is as follows:

"The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within the State," etc.

It will be noted that the amendment gives to the legislature the right to impose such limitations as it may deem proper upon the control to be exercised by the commission. Accordingly, the legislature has provided in Act No. 8, § 20, *supra,* that the liquor control commission may revoke licenses for any violation of the provisions of the act, but requires the commission to provide a proceeding by which any licensee claiming to have been aggrieved may have a hearing, etc. In addition, under the statute, the granting of licenses in counties of less than 500,000 is subject to the approval of the local legislative body. It is also subject to repeal by the commission upon the demand for revocation by the local legislative body.

We believe that this latter provision is not an invalid delegation of power. It is merely a statutory limitation properly imposed by the legislature, in accordance with the constitutional mandate, upon the power to be exercised by the commission. A licensee in counties of less than 500,000 accepts his license subject to these conditions. The very nature of the liquor business is such that local communities, as a matter of policy, should be permitted to regulate the traffic within their own bounds in the proper exercise of their police powers, subject to the larger control of the liquor commission as to those matters wherein the commission is given exclusive powers by the legislature. While the legislature, as a general rule, cannot delegate its legislative powers, it may confer upon municipal corporations the powers of local government, particularly in regard to local taxation and police regulations. 1 Cooley's Constitutional Limitations (8th Ed.), p. 389. The propriety and policy of vesting in municipal organizations certain powers of local regulations, in matters

concerning which the parties immediately interested may be more competent to judge than any central authority, is well recognized. 1 Cooley's Constitutional Limitations (8th Ed.), p. 235.

In *Sherlock* v. *Stuart,* 96 Mich. 193 (21 L. R. A. 580), it was held:

"Under this comprehensive police power of the State, it is * * * too clear for argument that the legislature may confer upon municipalities the right to determine the places where saloons may be kept. * * * The power of the legislature to confer * * * upon municipal corporations, the right to deal with the liquor traffic in a manner not provided for in the general law, is too clear to require argument."

Also, see, *Gunnarssohn* v. *City of Sterling,* 92 Ill. 569; *State* v. *Dwyer,* 21 Minn. 512; *State* v. *King,* 37 Iowa, 462.

We do not believe the clause in question is unconstitutional as impairing the obligation of a contract. Notwithstanding the fact that Act No. 8, *supra,* provides that the liquor license granted by the commission shall be construed to be a contract between the commission and the licensee, such a license is not a contract within the protection of the contract clause of the Constitution. In *People* v. *Schafran,* 168 Mich. 324, we held:

"The licensee has no vested property right in his license; in fact, it would not be in the power of the legislature to make an irrepealable contract as to that which affects public morals or public health so as to limit the exercise of the police power over the subject-matter. * * *

"We have already covered the first, second, and third requests to charge, and have said that a license to sell liquor is not a contract, but only a promise to enjoy the privilege on the terms named for a specified time, unless it be sooner revoked. The granting of a license is an exercise of police power, and does

not include any contractual relations whatever. *Stone* v. *Mississippi,* 101 U. S. 814. A license is a mere privilege to carry on a business subject to the will of the grantor, and it is not property in the sense which protects it under the Constitution. The revocation of a license does not deprive the citizen of his liberty or his property without due process of law.''

See, also, *State* v. *Ross,* 177 Mo. App. 223 (162 S. W. 702); *Crowley* v. *Christensen,* 137 U. S. 86 (11 Sup. Ct. 13).

In *Metropolitan Board of Excise* v. *Barrie,* 34 N. Y. 657, the court correctly stated the law as follows:

''These licenses to sell liquors are not contracts between the State and persons licensed giving the latter vested rights, protected on general principles and by the Constitution of the United States against subsequent legislation, nor are they property in any legal or constitutional sense. They have neither the qualities of a contract or property, but are merely temporary permits to do what otherwise would be an offense against a general law.''

We do not believe that the statute is an unconstitutional deprivation of property without due process of law, in that it makes no provision for a review or appeal from the determination by the local body. A license is not property within the meaning of the due process clause. See, *People* v. *Schafran, supra; State* v. *Ross, supra;* and *Metropolitan Board of Excise* v. *Barrie, supra.*

The petition for mandamus is denied, without costs, the question being a public one.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.