MALLACH v. CITY OF MT. MORRIS.

1. INTOXICATING LIQUORS—MUNICIPAL CORPORATIONS—DANCE HALLS —CONSTITUTIONAL LAW—LIQUOR CONTROL COMMISSION.

   City council, granted power by city charter to regulate public dance halls and regulate and prescribe the location thereof, is not deprived of the right to exercise such powers by ordinance making it unlawful for the proprietor, manager, lessee, or operator of any establishment licensed to sell alcoholic beverages to permit dancing on his premises, by constitutional provision as to control of alcoholic beverage traffic and statute enacted thereunder; fact that State liquor control commission has by rule attempted to exercise control of dancing in licensed establishments being unimportant (Const. 1908, art. 16, § 11, as amended in 1932; Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended; Mt. Morris Ordinance No. 26).

2. SAME—LEGISLATURE—SUNDAY, HOLIDAY, AND ELECTION DAY SALE.

   Under constitutional provision placing complete control of alcoholic beverage traffic in a liquor control commission subject to statutory limitations and statute, enacted thereunder, authorizing the legislative body of any city to prohibit the sale of alcoholic liquor for consumption on the premises on Sundays, holidays, and election days, city ordinance prohibiting sale of alcoholic liquor on such days was a proper exercise of grant of legislative power, and the constitutional restriction as to legislative or commission authorization in counties where people have partially or entirely prohibited such sale does not restrict legislative authorization to cities, villages, or townships in such respect (Const. 1908, art. 16, § 11, as amended in 1932; Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended; Mt. Morris Ordinance No. 27).

3. COSTS—PUBLIC QUESTION—INTOXICATING LIQUORS—DANCING— SUNDAY.

   No costs are allowed in suit to declare ordinances prohibiting dancing in retail liquor establishments and sale on Sundays

invalid, a question of public interest being involved (Const. 1908, art. 16, § 11, as amended in 1932; Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended; Mt. Morris Ordinances Nos. 26, 27).

Appeal from Genesee; Elliott (Philip), J. Submitted January 5, 1939. (Docket No. 43, Calendar No. 40,281.) Decided March 9, 1939.

Petition by Joseph W. Mallach against City of Mt. Morris, a municipal corporation, for a declaratory decree as to the validity of certain ordinances. Decree for defendant. Plaintiff appeals. Affirmed.

*Hugh E. Lillie,* for plaintiff.

*Robert R. Evans,* for defendant.

CHANDLER, J. On April 11, 1938, the council of the city of Mt. Morris adopted three ordinances, the validity of two of which are questioned by this appeal.

Ordinance No. 26 declared it to be unlawful for the proprietor, manager, lessee or operator of any establishment licensed by the liquor control commission to sell alcoholic beverages to permit dancing on said premises. It was also declared to be unlawful for any person or persons to dance in an establishment so licensed. Suitable penalties were provided for violations of the enactment.

Ordinance No. 27 declared it to be unlawful to dispense alcoholic liquor on Sunday and other specified legal holidays.

Plaintiff, the operator of a restaurant and tavern in said city, alleging inadequacy of legal remedy, filed his petition to obtain an order declaring said ordinances to be invalid. The ordinances in ques-

tion were upheld by a decree of the lower court from which petitioner appeals.

Appellant contends that ordinance No. 26, relating to dancing, is violative of Const. 1908, art. 16, § 11, as amended in 1932, which provides:

"The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State, including the retail sales thereof; and the legislature may also provide for an excise tax on such sales: Providing, however, that neither the legislature nor such commission may authorize the manufacture or sale of alcoholic beverages in any county in which the electors thereof, by a majority vote, shall prohibit the same."

He contends that inasmuch as complete control of the alcoholic beverage traffic in this State has, by constitutional provision, been vested in the liquor control commission, the city of Mt. Morris had no authority to enact the ordinance regulating dancing. It appears from the briefs that by Rule No. 15 of the rules and regulations of the liquor control commission*, the latter has also adopted a measure seeking to control dancing in licensed establishments.

The charter of the city grants the power to the council to "restrain, license and regulate public dance halls and regulate and prescribe the location thereof." Although the constitutional provision mentioned and the statute enacted pursuant thereto, Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended (Comp. Laws Supp. 1935, § 9209-16 *et seq.*, Stat. Ann. § 18.971 *et seq.*), grant broad regulatory powers over the alcoholic beverage traffic to the commission, the city was not thereby deprived of the right to exer-

---

* Effective November 1, 1937.—Reporter.

cise its power to regulate and control dancing in public places as conferred by the provisions of its charter. The fact that the commission likewise has by rule attempted to exercise control of dancing in licensed establishments is of no importance.

Petitioner contends that ordinance No. 27 is invalid as violative of the same constitutional provision and that the authority to prevent sales of alcoholic beverages on Sunday and stipulated holidays is solely vested in the liquor control commission.

Section 1 of Act No. 8, Pub. Acts 1933 (Ex. Sess.) (Comp. Laws Supp. 1935, § 9209–16, Stat. Ann. § 18.971) provides in part:

"Except as by this act otherwise provided, the commission shall have the sole right, power and duty to control the alcoholic beverage traffic and traffic in other alcoholic liquor within the State of Michigan, including the manufacture, importation, possession, transportation and sale thereof."

Section 19 of the act as amended by Act No. 281, Pub. Acts 1937 (Stat. Ann. 1938 Cum. Supp. § 18.990) provides:

"The legislative body of any city, village or township may, by resolution or ordinance, prohibit the sale of alcoholic liquor for consumption on the premises on any Sunday, legal holiday, primary election day, general election day or municipal election day."

It is to be noted that the constitutional provision grants complete control to the liquor control commission *subject, however, to statutory limitation.* This was a restriction placed in legislative hands upon the powers theretofore granted to the commission. The legislative right to limit the constitutional grant of power to the commission was properly exercised when it, by the statutes above quoted, vested

the legislative bodies of cities with the authority to prohibit the sale of alcoholic liquor on the days therein specified.

Appellant also contends that under the constitutional provision only the "electors of a county have a right to prohibit the sale of alcoholic liquor whether it be a partial prohibition as in this case or an entire prohibition," and that the city council therefore has no authority to prohibit such sales. The constitutional provision is a restriction upon the authority of the legislature and the liquor control commission, prohibiting the authorization of sales in counties wherein the electors have voted that the same shall be prohibited. It is not a restriction upon the power of legislative bodies of municipalities to prohibit such sales within their jurisdiction.

We therefore hold that the ordinances are valid and not subject to the constitutional objections raised by appellant.

The decree is affirmed. Inasmuch as a question of public interest is involved, no costs are allowed.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, and McAllister, JJ., concurred. North, J., took no part in this decision.