## SHULEVITZ v DEPARTMENT OF TREASURY

1. STATUTES—CONSTRUCTION—INTERPRETATION—PURPOSE OF STATUTE —LEGISLATURE'S INTENTION.

The judiciary may not disturb the obvious intention of the Legislature where the wording of a statute is clear; it is the function of the courts to interpret unclear statutes, and sometimes in order to ascertain the intention of the Legislature the purpose of a statute must be examined.

2. TAXATION—INCOME TAX CREDITS—PLACE OF INCOME—FOREIGN TAXATION—TRIPLE TAXATION—FEDERAL TAXATION—STATE TAXATION—STATUTES.

The purpose of the income tax credit statute and the allowance of tax credit to Michigan residents who earn income in another state is to avoid triple taxation of income by the payment of taxes in the state where the income was earned, to Michigan, and to the Federal government; a state tax credit is not necessary to avoid triple taxation when a Michigan resident earns income in a foreign country because such income is first taxed by the foreign country and then by Michigan, but not by the Federal government, due to the allowance of a tax credit for all income paid by a state resident for a foreign country (Internal Revenue Code of 1954, § 901, 26 USC 901, MCLA 206.255; MSA 7.557[1255]).

3. STATUTES—CONSTRUCTION—INTERPRETATION—LEGISLATURE'S INTENTION—TAXATION—INCOME TAX CREDITS—STATE TAXATION—FOREIGN TAXATION—EQUAL TAX TREATMENT.

Income taxes paid to foreign countries, including Puerto Rico, are not excluded from Michigan taxation; this is the proper interpretation of the Michigan tax credit statute because it provides for equal treatment of income derived from non-Michigan sources either foreign or domestic; clearly, the Legislature

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.

[2, 3] 71 Am Jur 2d, State and Local Taxation §§ 549, 550.

Income tax: Constitutionality, construction, and application of statutory provisions allowing credit for income tax paid to another state or country. 12 ALR2d 359.

would distinguish between taxes paid to another state which receive Michigan tax credits from those paid to a foreign country which do not; the Legislature did not intend to upset the fairly equal tax treatment of income earned outside of Michigan by allowing an income tax credit for income earned in Puerto Rico (MCLA 206.255; MSA 7.557[1255]).

Appeal from the Court of Claims, Charles J. Falahee, J. Submitted June 6, 1977, at Detroit. (Docket No. 31497.) Decided September 21, 1977.

Complaint in the Court of Claims by Melvin B. Shulevitz and Bernice K. Shulevitz against the Michigan Department of Treasury seeking the return of income taxes paid as a result of an improperly disallowed income tax credit. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Cooper, Baskin & Feldstein,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson, Jr.,* Assistants Attorney General, for defendant.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. The facts in this case are not in dispute. Plaintiffs filed amended Michigan income tax returns for calendar years 1968 and 1969 which showed a tax credit for income taxes paid by plaintiffs to the Commonwealth of Puerto Rico. The Revenue Division of the Department of Treasury (hereinafter referred to as Department of Treasury) audited these returns and disallowed the claimed tax credit. The Department of Treasury

---

* Circuit judge, sitting on the Court of Appeals by assignment.

then assessed plaintiffs a tax deficiency of $873.89, the amount of the claimed credit.

Plaintiffs appealed the assessment to the State Board of Tax Appeals (hereinafter referred to as the Board). The Board held that the claimed tax credit is not authorized by the Michigan Income Tax Act of 1967, MCLA 206.255; MSA 7.557(1255), and issued an order directing plaintiffs to pay the assessed deficiency.

Plaintiffs paid the deficiency and filed a complaint in the Michigan Court of Claims seeking the return of those taxes paid. The Court of Claims adopted the Board's decision and entered an order accordingly. Plaintiffs appeal as of right to this Court from the decision of the Court of Claims.

Plaintiffs contend that pursuant to § 255 of the Michigan Income Tax Act of 1967 they should receive an income tax credit on their Michigan income tax for income taxes which they paid to the Commonwealth of Puerto Rico. Section 255 provides that:

"(1) A resident individual or resident estate or trust shall be allowed a credit against the tax otherwise due under this act for the amount of any income tax imposed on him for the taxable year by another state of the United States or a political subdivision thereof or the District of Columbia on income derived from sources without this state which is also subject to tax under this act." MCLA 206.255; MSA 7.557(1255).

On its face, § 255 makes no mention of the Commonwealth of Puerto Rico, and therefore it is difficult to see how this section could apply to income taxes paid to Puerto Rico.

However, plaintiffs direct us to the general definition section of the act, and more specifically to

MCLA 206.20; MSA 7.557(120), which reads in part:

" 'State' means any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, and any foreign country, or political subdivision, thereof."

Plaintiffs contend that this definition should be read into the word "state" when interpreting § 255, and, therefore, a tax credit should be allowed for income taxes paid to Puerto Rico. We disagree.

The § 20 definition of "state," if used in § 255, would render the language of § 255 redundant. This Court believes that the language "state of the United States" was used in § 255 to expressly avoid the expansive definition of "state" as set forth in § 20.

The wording of § 255 seems clear, and in such a case the judiciary may not disturb the obvious intention of the Legislature. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 249; 191 NW2d 307 (1971), *Schigur v Secretary of State,* 73 Mich App 239; 251 NW2d 567 (1977).

Assuming that the statute is unclear, it is the Court's function to interpret it. The recent case of *King v Director of Midland County Department of Social Services,* 73 Mich App 253; 251 NW2d 270 (1977), summarizes some of the rules to be followed in interpreting an ambiguous statute:

"The primary rule of statutory construction is to determine and effectuate the Legislature's intent. *Williams v Secretary of State,* 338 Mich 202; 60 NW2d 910 (1953), *Chesapeake & Ohio R Co v Public Service Com-*

*mission,* 59 Mich App 88; 228 NW2d 843 (1975). Toward that end, statutory language should be given a reasonable construction considering the purpose of the statute and the object sought to be accomplished. *Schoolcraft County Board of Commissioners v Schoolcraft Memorial Hospital Board of Trustees,* 68 Mich App 654; 243 NW2d 708 (1976), *Royal Oak School Dist v Schulman,* [68 Mich App 589; 243 NW2d 673 (1976)]. An act must be read in its entirety and the meaning given to one section arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. *Williams v Secretary of State, supra, Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976). Statutes are to be construed so as to avoid absurd consequences. *Williams v Secretary of State, supra, State Farm Mutual Automobile Insurance Co v Kurylowicz,* 67 Mich App 568; 242 NW2d 530 (1976)." 73 Mich App at 258, 259.

In order to ascertain the intention of the Legislature, we must examine the purpose of the statute.

An income tax credit is allowed for Michigan residents who earn income in another state. The purpose of such a credit is to avoid triple taxation of income. Without such a credit, the Michigan resident would first have his non-Michigan income taxed in the state in which it was earned. Then it would be taxed by the State of Michigan, and subsequently by the United States Government.

Such a state tax credit is not necessary to avoid triple taxation when the Michigan resident earns income in a foreign country. Under such circumstances, the income is first taxed by the foreign country in which it was earned, and it is then taxed by the State of Michigan. However, the Federal Government provides a tax credit for all income taxes paid by a resident to a foreign country similar to the credit available to Michigan residents who earn income in other states. Inter-

nal Revenue Code of 1954, § 901, 26 USC 901 [MCLA 206.255; MSA 7.557(1255)]. It should be noted that the Federal Government treats Puerto Rico as a foreign country for tax credit purposes.

By interpreting § 255 to exclude taxes paid to foreign countries, including Puerto Rico, the statute will provide for equal treatment of income derived from non-Michigan sources, either foreign or domestic.

The domestic non-Michigan income is taxed twice, first by the state in which it was earned, and then by the Federal Government. The foreign non-Michigan income is also taxed twice; first by the country in which it was earned, and then by the State of Michigan.

Viewing the tax effects of the credit, which the Legislature must have considered in enacting § 255, it seems quite clear that it would distinguish between taxes paid to another state and those paid to a foreign country.

We conclude that the Michigan Legislature did not intend to upset the fairly equal tax treatment of income earned outside of Michigan by allowing an income tax credit for income earned in Puerto Rico.

Affirmed. No costs, a public question being involved.