OPPENHUIZEN v CITY OF ZEELAND

Docket No. 46042. Submitted April 2, 1980, at Grand Rapids.—Decided October 23, 1980. Leave to appeal applied for.

Emeline Oppenhuizen and Kemma J. Sneller applied to the Liquor Control Commission for a SDM liquor license for a business to be located in Zeeland, Michigan. Pursuant to a commission rule, the application was referred to the City of Zeeland to determine if the application for license complied with all of the appropriate state and local building, plumbing, zoning, fire, sanitation, and health laws as determined by the appropriate local law enforcement officials. The City of Zeeland notified the commission that the license application violated the city's ordinance code which prohibited the sale or giving of any spiritous, fermented or intoxicating liquor within the city except that druggists or registered pharmacists may sell such for medicinal, sacramental, mechanical or chemical purposes according to law and licensed physicians may prescribe the same. The commission then denied the application. After exhausting their administrative remedies, Oppenhuizen and Sneller filed suit in Ottawa Circuit Court challenging the Zeeland ordinance, and seeking a declaratory judgment and an injunction. The plaintiffs alleged that the Michigan Constitution and legislation preempted the local ordinance, that the city did not have authority under the home rule act or the city charter to adopt the ordinance, and that application of the ordinance violated plaintiffs' due process rights under the Federal and Michigan Constitutions. Calvin L. Bosman, J. ruled that the state had preempted the area of liquor regulation and there-

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 361, 374-377, 433.

[2] 45 Am Jur 2d, Intoxicating Liquors §§ 162, 182.

[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 126-138.

[4] 45 Am Jur 2d, Intoxicating Liquors §§ 23, 24, 38.

[5] 73 Am Jur 2d, Statutes §§ 206, 271.

[6] 45 Am Jur 2d, Intoxicating Liquors § 26.

[7] 45 Am Jur 2d, Intoxicating Liquors §§ 78, 86.

fore, the Zeeland ordinance was unenforceable. The defendant appeals. *Held:*

1. Absent specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a state law are void; what the Legislature permits, a city cannot suppress without express authority therefore. The home rule act allows a city to regulate trades, occupations and amusements within its boundaries not inconsistent with state and Federal laws. Once the Legislature acts to create a Liquor Control Commission, that commission has complete control of the alcoholic beverage traffic within the state, including the retail sales thereof. Only if a majority of the electors in a county prohibit manufacture or sale is the commission prohibited from authorizing manufacture or sale therein. This is not inconsistent with the home rule act, all resolutions and ordinances being expressly made "subject to the constitution and law". Here, there being no showing that Ottawa County has by a majority of its electors prohibited manufacture or sale of alcoholic beverages in the county, no legislative body within that county may do what the voters have not authorized for the county at large.

2. There is no need to deal with the plaintiffs' due process question because of the findings relating to preemption.

Affirmed.

1. MUNICIPAL CORPORATIONS — ORDINANCES — LEGISLATURE.

Absent specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a state law are void; what the Legislature permits, a city cannot suppress without express authority therefor.

2. INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION — REGULATIONS — LICENSES — MUNICIPAL ORDINANCES.

According to a regulation adopted by the Liquor Control Commission, an application for a new license, or for a transfer of location of an existing license, shall be denied if the commission is notified in writing that the applicant does not meet all appropriate state and local building, plumbing, zoning, fire, sanitation, and health laws and ordinances as certified to the commission by the appropriate law enforcement officials (1978 AACS R 436.1105[3]).

3. STATUTES — HOME RULE ACT — MUNICIPAL CORPORATIONS.

The home rule act allows a city to regulate trades, occupations and amusements within its boundaries not inconsistent with state and Federal laws (MCL 117.4i[4]; MSA 5.2082[4]).

4. INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION — STATUTES.

A statute provides that the Liquor Control Commission shall have the sole right, power and duty to control the alcoholic beverage traffic and traffic in other alcoholic liquor within the State of Michigan, including the manufacture, importation, possession, transportation and sale thereof (MCL 436.1; MSA 18.971).

5. STATUTES —STATUTORY CONSTRUCTION.

A constitutional or statutory provision is not open to judicial construction but effect is given to the plain meaning of the words used when the provision contains clear and unambiguous language.

6. INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION.

Once the Legislature acts to create a Liquor Control Commission, that commission shall have complete control of the alcoholic beverage traffic within the state, including the retail sales thereof.

7. INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION — COUNTIES.

Only if a majority of the electors in a county prohibit the manufacture or sale of intoxicating liquors within that county is the Liquor Control Commission prohibited from authorizing manufacture or sale therein; a municipality within a county may not prohibit the manufacture or sale of intoxicating liquors.

*Andrew J. Mulder,* for plaintiffs.

*Roper, Meyers, Knoll & Jouppi* (by *George E. Bauer),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. Plaintiffs filed a complaint for declaratory judgment and injunction in circuit court against defendant City of Zeeland on September 22, 1978, challenging an ordinance which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prohibited the sale of liquor within the city. The circuit judge ruled the challenged section of the ordinance was preempted by state law and was thus void. Defendant appeals as of right.

The parties submitted the case on the following stipulated statement of facts:

"The plaintiffs, Emeline Oppenhuizen and Kemma J. Sneller, residents of the City of Zeeland, applied to the State of Michigan, Department of Commerce, Liquor Control Commission, (hereinafter referred to as the 'Commission') on March 23, 1977, for an SDM license for a business to be located at 338 West Washington, Zeeland, Michigan. Pursuant to Rule 3(2) of the Commission, the application was referred to the City of Zeeland to determine if the application for license complied with all of the appropriate State and local building, plumbing, zoning, fire, sanitation, and health laws as determined by the appropriate local law enforcement officials. Upon referral, the City of Zeeland reported to the Commission that the license application violated Section 15.2 of the Ordinance Code of the City of Zeeland which reads as follows:

" 'Sec. 15-2. Alcoholic beverages—*Sale or gift of intoxicating liquor prohibited; exceptions.*

" 'No person shall sell or give away within the city any spiritous, fermented or intoxicating liquor.

" 'The provisions of this section shall not apply to druggists or registered pharmacists, selling the same for medicinal, sacramental, mechanical or chemical purposes according to law, nor to a licensed physician prescribing the same.'

"On or about August 8, 1977, the Commission denied the application for the SDM license based upon the plaintiffs' ability to comply with the provisions of 15-2 of the Ordinance Code of the City of Zeeland. For purposes of the factual review of this matter, the parties will stipulate as to the exhaustion of administrative remedies before the Commission.

"The parties further stipulate to the fact that the City of Zeeland is organized and operates pursuant to

the Michigan Home Rule Act, MCLA 117.1 *et seq.;* MSA 5.2071 *et seq.*"

Plaintiffs had sued on the theories that the Michigan Constitution and 1933 (Ex Sess) PA 8 preempted the local ordinance, that the ordinance conflicted with 1933 (Ex Sess) PA 8, that the city did not have authority under the home rule act or the city charter to adopt the ordinance, and further that application of the ordinance to plaintiffs violated their due process rights under the Federal and Michigan Constitutions.

The trial court did not rule on the due process issue, having based its opinion on preemption. This Court sustains the decision of the trial court on the same basis and consequently also does not discuss the due process issue.

Appellant city's basic argument is that Const 1963, art 7, § 22[1] is a broad grant of authority to municipalities; and that Const 1963, art 4, § 40[2] permits the Legislature to act as to control of traffic in alcoholic beverages, if it desires, but that because of many exceptions the Legislature has not seen fit to totally preempt the field.

---

[1] Const 1963, art 7, § 22 provides in pertinent part:

"Each such city and village shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law. No enumeration of powers granted to cities and villages in this constitution shall limit or restrict the general grant of authority conferred by this section."

Const 1963, art 7, § 34 provides in relevant part:

"The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor."

[2] Const 1963, art 4, § 40 provides in pertinent part:

"[T]he legislature may by law establish a liquor control commission which, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this state, including the retail sales thereof. The legislature may provide for an excise tax on such sales. Neither the legislature nor the commission may authorize the manufacture or sale of alcoholic beverages in any county in which a majority of the electors voting thereon shall prohibit the same."

Appellant stresses that the Supreme Court in *Mutchall v Kalamazoo*, 323 Mich 215; 35 NW2d 245 (1948), and *Mallach v Mt Morris*, 287 Mich 666; 284 NW 600 (1939), recognized the authority exercised by it in this case.

Without change except for improvement in phraseology, the 1963 Michigan Constitution contains the same provisions as contained in the 1908 Constitution for control of the sale of liquor in Michigan. The Legislature in § 1 of 1933 (Ex Sess) PA 8 provided that sale of alcoholic liquor was lawful "only as provided for in this act".

The Michigan Supreme Court, struggling with the question of preemption in the area of pornography, developed in *People v Llewellyn*, 401 Mich 314, 322-324; 257 NW2d 902 (1977), the analysis to be employed in determining whether a municipal ordinance is preempted by a state statutory scheme as follows:

"A municipality is precluded from enacting an ordinance * * * if the state statutory scheme pre-empts the ordinance by occupying the field of regulation which the municipality seeks to enter, to the exclusion of the ordinance, even where there is no direct conflict between the two schemes of regulation.

*        *        *

"In making the determination that the state has thus pre-empted the field of regulation which the city seeks to enter in this case, we look to certain guidelines.

"First, where the state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive, there is no doubt that municipal regulation is pre-empted. *Noey v Saginaw*, 271 Mich 595; 261 NW 88 (1935).

"Second, pre-emption of a field of regulation may be implied upon an examination of legislative history. *Walsh v River Rouge*, 385 Mich 623; 189 NW2d 318 (1971).

"Third, the pervasiveness of the state regulatory scheme may support a finding of pre-emption. [Citations omitted.] While the pervasiveness of the state regulatory scheme is not generally sufficient by itself to infer pre-emption, it is a factor which should be considered as evidence of pre-emption.

"Fourth, the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest." (Footnotes omitted.)

With the adoption of the home rule act, cities felt they had powers previously not possessed. In *Kalamazoo v Titus,* 208 Mich 252, 260-261; 175 NW 480 (1919), this attitude is addressed:

"There is apparent a widely spread notion that lately, in some way, cities have become possessed of greatly enlarged powers, the right to exercise which may come from mere assertion of their existence and the purpose to exercise them. Whether these powers are really inherent in the community, but their exercise formerly was restrained, or are derived from a new grant of power by the State, or may be properly ascribed to both inherent right and to a new grant, are questions which do not seem to bother very much the advocates of the doctrine that they in any event exist. On the other hand, there is expression of grave doubt whether, in the view of the law, there has been any enlargement or extension of the subjects of municipal legislation and control or of the powers of cities except as those subjects and powers are specifically enumerated and designated in the Constitution itself and in the home rule act."[3]

---

[3] *Kalamazoo v Titus, supra,* 261, quotes from Cooley's Constitutional Limitations (7th ed), pp 163, 264 *et seq.,* as follows:

" 'One of the settled maxims in constitutional law is, that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority. Where the sovereign power of the State has located the authority, there it must remain; and by the constitutional agency alone the laws must be made until the Constitution itself is changed. * * *

" 'It has already been seen that the legislature cannot delegate its

In *Richards v Pontiac,* 305 Mich 666, 673; 9 NW2d 885 (1943), the Supreme Court quoted from *National Amusement Co v Johnson,* 270 Mich 613, 616; 259 NW 342 (1935), as follows:

"It is the rule that, in the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a State law are

power to make laws; but fundamental as this maxim is, it is so qualified by the customs of our race, and by other maxims which regard local government, that the right of the legislature, in the entire absence of authorization or prohibition, to create towns and other inferior municipal organizations, and to confer upon them the powers of local government, and especially of local taxation and police regulation usual with such corporations, would always pass unchallenged. The legislature in these cases is not regarded as delegating its authority, because the regulation of such local affairs as are commonly left to local boards and officers is not understood to belong properly to the State; and when it interferes, as sometimes it must, to restrain and control the local action, there should be reasons of State policy or dangers of local abuse to warrant the interposition.

" 'The people of the municipalities, however, do not define for themselves their own rights, privileges, and powers, nor is there any common law which draws a definite line of distinction between the powers which may be exercised by the State, and those which must be left to the local governments. The municipalities must look to the State for such charters of government as the legislature shall see fit to provide; and they cannot prescribe for themselves the details, though they have a right to expect that those charters will be granted with a recognition of the general principles with which we are familiar. The charter, or the general law under which they exercise their powers, is their constitution, in which they must be able to show authority for the acts they assume to perform. They have no inherent jurisdiction to make laws or adopt regulations of government; they are governments of enumerated powers, acting by a delegated authority; so that while the State legislature may exercise such powers of government coming within a proper designation of legislative power as are not expressly or impliedly prohibited, the local authorities can exercise those only which are expressly or impliedly conferred, and subject to such regulations or restrictions as are annexed to the grant.' Cooley's Constitutional Limitations (7th Ed.), pp. 163, 264 *et seq.*"

See also Note: *Conflicts Between State Statutes and Municipal Ordinances,* 72 Harvard L Rev 737, 740-741 (1959), which states:

"Thus, while a home-rule grant is generally held to permit a municipality to act in the fields of taxation, public utilities, education, health, liquor regulation, traffic control, and rent control, nonetheless when such ordinances conflict with state legislation, they have been held not to prevail."

void. * * * What the Legislature permits, the city cannot suppress, without express authority therefor."

In *Mallach v Mt Morris, supra,* the Supreme Court in interpreting Const 1908, art 16, § 11 said the Legislature could grant cities power to prohibit sale of alcoholic beverages on Sundays and other specified days. "It is to be noted that the constitutional provision grants complete control to the liquor control commission *subject, however, to statutory limitation.*"[4] *Mallach, supra,* 669.

The Michigan Liquor Control Commission (MLCC), pursuant to authority granted to it by MCL 436.7; MSA 18.977, adopted the following regulation:

"(3) An applicant for a new license, or for a transfer of location of an existing license, shall be denied if the commission is notified in writing that the applicant does not meet all appropriate state and local building, plumbing, zoning, fire, sanitation, and health laws and ordinances as certified to the commission by the appropriate law enforcement officials." 1978 AACS R 436.1105(3).

As with the right of any municipality to regulate businesses as discussed in *Mallach* and *Mutchall, supra,* the MLCC regulation recognizes the authority of the municipality over those areas of local control which involve all commercial activity. As was said in *Tally v Detroit,* 54 Mich App 328, 334; 220 NW2d 778 (1974), citing *Johnson v Liquor Control Comm,* 266 Mich 682; 254 NW 557 (1934):

"Due to the nature of the liquor business, the City of Detroit has the power to regulate the traffic within its own bounds through the exercise of its police powers,

---

4 See also *Florentine Ristorante, Inc v Grandville,* 88 Mich App 614; 278 NW2d 694 (1979), under the 1963 Constitution.

subject to the authority of the Liquor Control Commission only when a conflict arises."

The home rule act allows a city to regulate trades, occupations and amusements within its boundaries, *"not inconsistent with state and federal laws * * *"*. MCL 117.4i(4); MSA 5.2082(4). (Emphasis added.)

The Legislature, consistent with the constitutional authorization, created the Liquor Control Commission under the Michigan Liquor Control Act, MCL 436.1 *et seq.;* MSA 18.971 *et seq.* Among other things, this act allows the manufacture for sale and selling of any alcoholic liquor subject to the terms, conditions, limitations and restrictions of the statute. It further states that:

"Except as by this act otherwise provided, the commission shall have the sole right, power and duty to control the alcoholic beverage traffic and traffic in other alcoholic liquor within the state of Michigan, including the manufacture, importation, possession, transportation and sale thereof." MCL 436.1; MSA 18.971.

When a constitutional or statutory provision contains clear and unambiguous language it is not open to judicial construction and effect is given to the plain meaning of the words used. *Shulevitz v Dep't of Treasury,* 78 Mich App 655; 261 NW2d 31 (1977), *American Youth Foundation v Benona Twp,* 8 Mich App 521; 154 NW2d 554 (1967).

The Michigan Constitution is quite clear that once the Legislature acts to create a Liquor Control Commission, that commission shall have complete control of the alcoholic beverage traffic within the state, including the retail sales thereof. Only if a majority of the electors in a *county* prohibit manufacture or sale is the commission

prohibited from authorizing manufacture or sale therein.

There is no inconsistency between that provision and the home rule provision, all resolutions and ordinances being expressly made "subject to the constitution and law". Const 1963, art 7, § 22; see also MCL 117.4j(3); MSA 5.2083(3). There being no showing that Ottawa County has by a majority of its electors prohibited manufacture or sale of alcoholic beverages in the county, no legislative body within that county may do what the voters have not authorized for the county at large.

There is no need to deal with plaintiffs' due process question because of the findings relating to preemption.

Affirmed. No costs, a public question being involved.