ALLEN v LIQUOR CONTROL COMMISSION

Docket No. 59328. Submitted October 8, 1982, at Grand Rapids.— Decided December 14, 1982.

Bernard G. Allen and Sandra L. Allen applied to the Liquor Control Commission for an SDM license in order to sell beer and wine at their place of business. The application was opposed by the Heath Township Board of Supervisors on the basis that township ordinances forbade the sale of alcoholic beverages. The Liquor Control Commission denied the license. The Allens brought an action in the Allegan Circuit Court, challenging the validity of the commission's action. The court, George R. Corsiglia, J., held that the commission's rule which conditions issuance of a license upon an applicant's compliance with local zoning, building, and other ordinances is an unconstitutional delegation of the commission's powers. The commission appeals. *Held:*

The rule is not a delegation of the commission's powers. It merely recognizes the constitutionally and legislatively derived powers of local governments to regulate the liquor business, subject to the commission's authority in the event of conflict. The rule meets the judicial test for determining the validity of administrative rules. Furthermore, it is neither arbitrary nor capricious for the commission to require applicants to litigate questions of the validity of such local ordinances in the courts rather than before the commission.

Reversed.

1. INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION — LICENSES — ADMINISTRATIVE RULES — LOCAL ORDINANCES.

A rule of the Liquor Control Commission which prohibits issuance of a license where the aplicant does not meet all applicable local ordinance requirements is not an unconstitutional delegation of the commission's powers because the police power of a local governmental unit to enact ordinances regulating the

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors §§ 121, 155, 159.
[2] 2 Am Jur 2d, Administrative Law § 307.

liquor business is derived from the constitution and statutes, not from the commission (1979 AC, R 436.1105[3]).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — VALIDITY OF RULES.

Courts employ a three-fold test to determine the validity of an administrative agency rule: (1) whether the rule is within the matter covered by the enabling statute; (2) if so, whether it complies with the underlying legislative intent; and (3) if it meets the first two requirements, it may be held to be valid where it is neither arbitrary nor capricious.

*Marquis, Hutchinson, Heaphy & Mims* (by *William J. Heaphy*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *A. C. Stoddard* and *Larry F. Brya,* Assistants Attorney General, for defendant.

Before: R. B. BURNS, P.J., and MACKENZIE and T. L. BROWN,* JJ.

PER CURIAM. The Michigan Liquor Control Commission appeals by right from a circuit court order which held that 1979 AC, R 436.1105(3) was an unconstitutional delegation of the commission's powers and which remanded the application of Bernard Gene Allen and Sandra L. Allen for a SDM liquor license to the commission for further consideration.

1979 AC, R 436.1105(3) provides:

"An applicant for a new license, or for a transfer of location of an existing license, shall be denied if the commission is notified in writing that the applicant does not meet all appropriate state and local building, plumbing, zoning, fire, sanitation, and health laws and ordinances as certified to the commission by the appropriate law enforcement officials."

* Circuit judge, sitting on the Court of Appeals by assignment.

We need not decide here whether the commission may delegate its powers to a local government unit, because the rule involves no delegation of the commission's powers. A township's power to enact such ordinances as those mentioned in the rule is not derived from the commission, but rather from Const 1963, art 7, § 17, and from legislation such as MCL 41.2 *et seq.;* MSA 5.2 *et seq.* and MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.* It is well settled that local government units may exercise their police powers to regulate the liquor business, subject to the commission's authority when a conflict arises. *Johnson v Liquor Control Comm,* 266 Mich 682; 254 NW 557 (1934); *Mallach v Mt Morris,* 287 Mich 666; 284 NW 600 (1939); *Mutchall v Kalamazoo,* 323 Mich 215; 35 NW2d 245 (1948); *Oppenhuizen v Zeeland,* 101 Mich App 40; 300 NW2d 445 (1980). The rule at issue here merely recognizes this power of local government units. 101 Mich App 48.

In *Chesapeake & Ohio R Co v Public Service Comm,* 59 Mich App 88, 98-99; 228 NW2d 843 (1975), the Court held:

"Where an agency is empowered to make rules, courts employ a three-fold test to determine the validity of the rules it promulgates: (1) whether the rule is within the matter covered by the enabling statute; (2) if so, whether it complies with the underlying legislative intent; and (3) if it meets the first two requirements, when it is neither arbitrary nor capricious."

The commission is empowered to make rules by MCL 436.7; MSA 18.977. In view of the authorities discussed above, we cannot say that the rule is not within the matter covered by the enabling statute or does not comply with the underlying legislative intent. It is not arbitrary or capricious for the

commission to decline to grant a license to applicants who, because of valid local ordinances, will be unable to use a license. Even assuming that the commission has the power to determine whether a local ordinance is valid or whether applicants have complied with a local ordinance, it is not arbitrary or capricious for the commission to require applicants to litigate such questions in the courts. There is no reason to burden the commission's docket with such collateral matters in which the commission and its staff have no particular expertise. We refer the applicants' attention to the procedures followed in *Oppenhuizen v Zeeland, supra,* 42-43.

In view of the foregoing, we need not discuss the other issues raised by the parties. Our decision is not to be construed as an expression of opinion on the merits of the applicants' challenge of the validity of the Heath Township ordinance at issue.

Reversed.