SHERMAN BOWLING CENTER v CITY OF ROOSEVELT PARK

Docket No. 84233. Submitted April 10, 1986, at Grand Rapids. Decided September 9, 1986.

Plaintiff, Sherman Bowling Center, is a partnership operating a facility in defendant, City of Roosevelt Park, which contains bowling lanes, pool tables, bars, banquet rooms and a restaurant. Plaintiff holds a Class c liquor license. Roosevelt Park passed an ordinance regulating various activities and imposing various requirements in regard to establishments where alcoholic beverages are sold. Plaintiff brought an action against defendant in the Muskegon Circuit Court seeking a declaration that the ordinance was invalid. The court, R. Max Daniels, J., upheld all but one provision of the ordinance. Plaintiff appealed.

The Court of Appeals held:

Municipal regulation is preempted where state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive. Regulation of alcoholic beverage traffic is the exclusive province of the Liquor Control Commission. The ordinance is preempted by state law.

Reversed in part and affirmed in part.

1. MUNICIPAL CORPORATIONS — POLICE POWERS.

Cities and villages have the power to adopt resolutions and ordinances relating to municipal concerns, property, and government, subject only to the constitution and law (Const 1963, art 7, § 22; MCL 117.4i, subds [4],[9], 117.4j[3]; MSA 5.2082, subds [4],[9], 5.2083[3]).

2. MUNICIPAL CORPORATIONS — ORDINANCES — STATUTES — CONSTITUTIONAL LAW — PREEMPTION.

A municipality is precluded from enacting an ordinance if the

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 423-492.

Validity and construction of statute or ordinance making it offense to have possession of open or unsealed alcoholic beverage in public place. 39 ALR4th 668.

Right of municipal corporation to review of unfavorable decision in action or prosecution for violation of ordinance—modern status. 11 ALR4th 399.

ordinance is in direct conflict with the statutory scheme, or if the statutory scheme occupies the field of regulation which the municipality seeks to enter even where there is no direct conflict between the two schemes of regulation (Const 1963, art 7, § 22; MCL 117.4j[3]; MSA 5.2083[3]).

3. MUNICIPAL CORPORATIONS — PREEMPTION — INTOXICATING LIQUORS.
Municipal regulation is preempted where state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive; regulation of alcoholic beverage traffic is the exclusive province of the Liquor Control Commission.

*Knudsen, Wasiura & Associates, P.C.* (by *Harry J. Knudsen*), for plaintiff.

*Wilson, Sanford & Engel* (by *Edward C. Wilson*), for defendant.

Before: R. M. MAHER, P.J., and T. M. BURNS and R. H. BELL,* JJ.

PER CURIAM. Plaintiff Sherman Bowling Center is a partnership which operates a business in Roosevelt Park. Plaintiff's facilities include a building containing fifty bowling lanes, thirteen pool tables, two bars, a restaurant, and two banquet rooms. The facilities also include a parking lot containing 350 to 400 parking spaces. The premises are located in a commercial area and are within three to four blocks of a residential area. Plaintiff has a Class c liquor license.

Plaintiff's bowling business is shut down during the months of May, June and July because patrons are not interested in bowling during these months. As a result, plaintiff also closes its indoor bars and restaurant. However, plaintiff keeps its banquet rooms available for weddings, assorted banquets and "Las Vegas" nights.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In 1983, in order to generate additional revenue during the summer months, plaintiff's management decided to attract customers by setting up a beer tent and providing entertainment in a portion of the parking lot. Plaintiff planned to do this occasionally on weekends.

One of the partners contacted the Michigan Liquor Control Commission (MLCC) in order to determine whether plaintiff could provide outdoor service. The MLCC responded affirmatively, but requested that plaintiff first check with defendant's police chief as to whether he had any objections. When he was contacted, the police chief checked with the city manager and was told that he should not issue the license without the approval of the city council. Plaintiff then requested the city council's approval in a letter dated February 3, 1983. After receiving the city council's approval, the police chief offered no objection. When plaintiff again contacted the MLCC, plaintiff was issued a permit for the outdoor service.

Plaintiff thereafter hired a bluegrass band to perform on May 20 and 21, 1983. Members of the public were invited from 5:00 P.M. to 1:00 A.M. on Friday and from 12:00 P.M. to 1:00 A.M. on Saturday. It was estimated that anywhere from three hundred to twenty-five hundred customers were on the premises at any given time. Plaintiff conducted similar business on three more occasions in 1983 and on one occasion in 1984. There was conflicting testimony as to whether plaintiff's business resulted either directly or indirectly in any major problems for nearby homeowners.

One nearby homeowner testified that plaintiff's business generated large crowds and created traffic congestion and noise. He also testified that the patrons created litter problems, used foul language, and sometimes urinated in public. Defen-

dant's city manager testified that he had received similar complaints and that he received a petition from some residents regarding plaintiff's business operations. In response, defendant's mayor appointed a committee to study the alleged problems. After several meetings, the committee made a recommendation to the city council, whereupon the city council adopted the ordinance which provided the basis for the present litigation.

The ordinance states that it is "[a]n ordinance to provide for the licensing and regulation of establishments allowing public dancing, entertainment and sale of liquor for consumption on the premises whether indoors or out of doors; . . . to provide for the approval and revocation of licenses; and to provide penalties for the violation thereof." The ordinance provides that no person licensed by MLCC to sell alcoholic beverages for consumption on the premises shall permit any public dancing on the premises operated by him unless the person first procures from the city clerk a license for public dancing. The ordinance also provides that no holder of a temporary permit for the outdoor sale of alcoholic beverages or current holder of a liquor license with an extension for outdoor sales shall be permitted to operate or maintain a special event where outdoor liquor sales are allowed, without procuring a license from the city manager.

Section 3 of the ordinance provides that no license shall be issued to any person who is licensed by the MLCC to sell alcoholic beverages for consumption on the premises or any holder of a temporary permit for the outdoor sale of alcoholic beverages or any holder of a current liquor license with an extension to allow outdoor sales unless certain requirements are complied with by the applicant. Among the purported requirements are the following:

(5) Any license granted for the outdoor sale of liquor shall allow said special event on a Friday or Saturday only and shall specify the hours of operation. Notwithstanding this provision, entertainment shall cease no later than 11:00 P.M. and said outdoor special event shall end no later than 12:00 A.M. on any given day of operation.

(6) The City Manager shall not grant more than one license per year to any applicant for an outdoor event where alcoholic liquor is sold.

The ordinance was published and became effective on October 3, 1983.

Plaintiff obtained a permit and conducted business on one occasion in May of 1984. Plaintiff thereafter applied for but was not granted another permit because of the ordinance's one-event limitation. The MLCC also refused to issue plaintiff a liquor license for any more outdoor service because of defendant's ordinance. Plaintiff applied for a permanent outdoor liquor license, but was denied one because it would be in violation of defendant's ordinance.

On March 12, 1984, plaintiff filed a complaint seeking a declaratory judgment and injunctive relief. Plaintiff sought a declaration that the ordinance was invalid. After a bench trial, the circuit court determined that the ordinance was valid in all of the challenged aspects except for one provision dealing with the time within which an application for a permit must be filed. Plaintiff now appeals from the trial court's opinion and judgment as of right.

Plaintiff contends that defendant's ordinance is preempted by state law. We agree.

I

The ordinance in this case is based on defen-

dant's general police power. Cities and villages have the power to adopt resolutions and ordinances relating to municipal concerns, property, and government, subject only to the constitution and law. Const 1963, art 7, § 22. See also MCL 117.4j(3); MSA 5.2083(3) and MCL 117.4i, subds (4) and (9); MSA 5.2082, subds (4) and (9). Because the adoption of an ordinance by a municipality is "subject to the constitution and law," such broad power to adopt ordinances relating to municipal concerns may be preempted if a state statutory scheme occupies the field of regulation which the municipality seeks to enter. A municipality is precluded from enacting an ordinance if (1) the ordinance is in direct conflict with the state statutory scheme, or (2) the state statutory scheme preempts the ordinance by occupying the field of regulation which the municipality seeks to enter, to the exclusion of the ordinance, even where there is no direct conflict between the two schemes of regulation. *People v Llewellyn,* 401 Mich 314, 322; 257 NW2d 902 (1977), cert den sub nom *East Detroit v Llewellyn,* 435 US 1008; 98 S Ct 1879; 56 L Ed 2d 390 (1978).

A direct conflict does not exist in this case because the ordinance neither permits what a state statute prohibits nor prohibits what a state statute permits. However, we believe that a state statutory scheme occupies the field of regulation which defendant seeks to enter so as to preempt the field.

The Supreme Court has indicated that certain guidelines should be looked to when determining whether the state has preempted a field of regulation which a city seeks to enter. These guidelines were laid out in *People v Llewellyn, supra.* The first guideline is controlling in this case. According to the Supreme Court, where state law expressly

provides that the state's authority to regulate in a specified area of the law is to be exclusive there is no doubt that municipal regulation is preempted. 401 Mich 323.

In this regard, the Supreme Court, in *Llewellyn,* specifically referred to *Noey v Saginaw,* 271 Mich 595; 261 NW 88 (1935). The Supreme Court noted:

> In *Noey,* the state Constitution granted the Legislature the authority to establish a Liquor Control Commission which, subject to the statutory limitation, "shall exercise complete control of the alcoholic beverage traffic within this State". 271 Mich 595, 596.
>
> Pursuant to this constitutional provision the Legislature enacted a statute creating a Liquor Control Commission and wrote "[e]xcept as by this act otherwise provided, the commission shall have the sole right, power and duty to control the alcoholic beverage traffic. . . ." 271 Mich 595, 596-597.
>
> In light of these provisions, the Court held that an ordinance setting the permissible time period for selling alcoholic beverages was invalid. [401 Mich 323, n 7.]

It is the same constitutional and statutory provisions dealing with the MLCC which convince us that defendant's ordinance in this case is invalid. See Const 1963, art 4, § 40; MCL 436.1 *et seq.;* MSA 18.971 *et seq.*

II

The city ordinance in this case is preempted because it regulates alcoholic beverage traffic and no state statute authorizes the city to control alcoholic beverage traffic in the manner which is attempted in the ordinance.

State law expressly provides that the MLCC is to

have the exclusive authority to regulate the alcoholic beverage traffic within Michigan. Regardless of this fact, the ordinance continually and explicitly ties its requirements to the sale of alcoholic beverages. The ordinance regulates various activities and imposes various requirements, but does so only in regard to establishments where alcoholic beverages are sold. The sale of alcoholic beverages is a determining factor in whether the ordinance applies to a given establishment. Because of this, the ordinance de facto regulates alcoholic beverage sales.

Any law which provides that if activity A takes place, then activity B may not occur, necessarily provides that if activity B occurs, then activity A may not take place. For instance, one provision of defendant's ordinance states essentially that, if an establishment sells alcoholic beverages, there is to be no entertainment at its outdoor event after 11:00 P.M. Logically, this law also provides that if an establishment is to have entertainment at its outdoor event after 11:00 P.M., then it cannot sell alcoholic beverages.

No matter what form an ordinance takes, or what language an ordinance employs, a city cannot regulate or control alcoholic beverage traffic unless authorized by statute. That function belongs exclusively to the MLCC. The MLCC is to determine what types of establishments may sell liquor, when such establishments may sell liquor, and where they may sell it (with certain explicit statutory exceptions). It is the MLCC and not an individual city which is given the authority to determine whether an establishment which operates a special outdoor event providing entertainment can or cannot sell alcoholic beverages.

On the other hand, cities may, pursuant to their police power, regulate various activities. However,

cities cannot use liquor sales as a determinant of when or where another type of activity can take place. A law which uses liquor sales as a determinant regulates when and where liquor sales can take place.

We do not wish to imply that cities may not regulate the number of outdoor events which can be held or the hours of such outdoor events. Nor do we wish to imply that cities may not regulate the hours within which outdoor entertainment can take place. Provided that they are otherwise valid, general regulations in this regard which are not tied to the sales of alcoholic beverages are not preempted by the authority granted to the MLCC. The bottom line is that a regulation will not be declared invalid under preemption principles if it applies to establishments which sell alcoholic beverages in a like manner as it does to establishments which do not sell alcoholic beverages.[1]

CONCLUSION

Based on the rules laid out in *People v Llewellyn,* 401 Mich 314, we find that the city ordinance in this case is preempted. Pursuant to constitutional authority, the Legislature has established the MLCC and has provided a comprehensive liquor law. See MCL 436.1 *et seq.;* MSA 18.971 *et seq.* The Legislature has given the commission the sole right, power and duty to control the alcoholic beverage traffic within the state, except as the Legislature has otherwise specifically provided in the liquor law. MCL 436.1; MSA 18.971. We can

---

[1] We note that our ruling apparently conflicts with *Mallach v City of Mt Morris,* 287 Mich 666; 284 NW 600 (1939), and perhaps other authority. See e.g., *Allen v Liquor Control Comm,* 122 Mich App 718; 333 NW2d 20 (1982). However, we believe that it is more appropriate to follow the Supreme Court guidelines regarding preemption as set forth in *Llewellyn, supra.*

find no provision of the liquor law which would allow cities to regulate the sale of alcoholic beverages by establishments holding outdoor events at which entertainment is provided.

Because the provisions of the city ordinance are invalid, the trial court erred as a matter of law in entering a judgment in favor of defendant. The judgment is therefore reversed to the extent that it holds any provision of the city ordinance to be valid.

Reversed in part and affirmed in part.