Scott NADEAU, Carol Dolin, Rhonda Nicklas, Beth Lovett, Renee Gervais, Angela Gabli, Tina Isaacs, Rachel Jackson, Melissa (Malisa) Lawson, Kristin Shawen, and Deborah Veda, jointly and severally, Plaintiffs,

v.

CHARTER TOWNSHIP OF CLINTON, a Michigan municipal governmental entity, Defendant.

Civ. No. 92CV75904DT.

United States District Court, E.D. Michigan, S.D.

Dec. 18, 1992.

**436**

Robert Horvath, Southfield, MI and Robert Sedler, Detroit, MI, for plaintiffs.

John A. Dolan, Clinton Township, MI, for defendant.

### ORDER

DeMASCIO, District Judge.

The plaintiffs filed this action for a preliminary injunction to enjoin the enforcement of Clinton Township Ordinance # 291, an ordinance that prohibits public nudity, explicit sexual activity, and dancing with touching for compensation. The plaintiffs perform sexually oriented dances at "The IceHouse," a bar owned by plaintiff Scott Nadeau. The other named plaintiffs perform in a "G–String" to cover the genital and anus area leaving exposed bare breasts and buttocks. The Clinton Township (Township) police arrested the plaintiffs on three different occasions for "allowing topless dancing." The criminal prosecution on each of the arrests is currently pending.

At the preliminary injunction hearing, defense counsel informed the court that the township was in the process of enacting Ordinance # 291–A to amend various provisions of Ordinance # 291. Counsel furnished the court with a copy of # 291–A. We note that Ordinance # 291–A is almost identical to Ordinance # 291, except that it applies only to establishments licensed by the Michigan Liquor Control Commission (MLCC). The amended ordinance deleted from its coverage those establishments that require a cover charge or serve food or beverages not sub-

ject to licensing by the MLCC. The amended Ordinance defines public nudity the same as Ordinance # 291, a definition completely at variance with the state's definition of nudity contained in Michigan Compiled Laws Annotated, § 41.181(3). The defendant ignores this definitional conflict and argues that Ordinance # 291–A can be constitutionally applied to bars in Clinton Township pursuant to the state's Twenty–First Amendment authority to regulate liquor establishments; that the field of regulation is not preempted by Michigan law and that a township may otherwise regulate liquor establishments by virtue of its statutory authority to prohibit public nudity, subject to the superior authority of the MLCC when conflicts arise.

█ We have concluded that Ordinance # 291–A is unconstitutional on its face. It criminalizes conduct that is constitutionally protected. Because the ordinance, in addition to proscribing activities which may be constitutionally forbidden, also proscribes conduct protected by the first amendment, it is overbroad and can not be enforced. See *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). The ordinance also fails the first amendment test set forth in *Barnes v. Glen Theatre, Inc.*, — U.S. —, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991). In *Barnes*, the Court recognized that nude dancing is expressive conduct within the outer perimeters of the First Amendment and stated that a court must proceed to determine whether the law at issue is an impermissible infringement of that protected activity. Applying a balancing test, the Court held that totally nude dancing could be prohibited as part of a content-neutral ban on all forms of public nudity. The law at issue here is similar to the law in *Barnes* because both prohibit public nudity and both include a description of what constitutes public nudity. Accordingly, like the court in *Barnes*, we find that this ordinance is not aimed at the communicative content of expression. Therefore, in testing Ordinance # 291–A, a content-neutral ban on public nudity, we apply the *Barnes* balancing test.

Since defendant's counsel conceded at oral argument that Ordinance # 291 is unconstitutional ("we would not be undertaking

amendatory action at this time unless there was a reason for it"), and since we find no difference between what # 291 and # 291–A prohibit, we reached the conclusion that the amended ordinance is unconstitutional. Defendant has offered no evidence of a governmental interest that outweighs plaintiffs' First Amendment rights. With nothing against which to balance plaintiffs' rights, we have no other choice but to find that Ordinance # 291–A is unconstitutional as an impermissible infringement on plaintiffs' free expression.

█ Nevertheless, defendant argues that Ordinance # 291–A can be constitutionally applied in this instance by virtue of the authority derived from the Twenty–First Amendment. The Twenty–First Amendment does provide the state with broad authority to regulate the importation, manufacture and sale of alcoholic beverages within the state's borders. This Twenty–First Amendment authority will outweigh any individual first amendment interests in performing sexually oriented nude dancing. *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *New York Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981). The state's authority, however, is limited to the regulation of businesses which have been awarded a state liquor license. Thus, the State of Michigan could constitutionally exclude the sexually oriented dancing at the IceHouse as defined here. The state may delegate its broad power to cities and townships if it chooses. However, under the Constitution of the State of Michigan and relevant statutory provisions, the MLCC has the sole and exclusive authority to regulate the manufacture, sale and importation of alcoholic beverages. Michigan Constitution Art. IV § 40; Michigan Compiled Laws Annotated 436.1(2). It is equally clear that the state has not delegated its Twenty–First Amendment authority to any of the townships within the state.

The state has, however, delegated authority to the townships to prohibit public nudity as defendant contends. Michigan Compiled Laws Annotated § 41.181(1) provides:

The township board of a township may, at the regular or special meeting by the majority of the members elected to the township board adopt ordinances regulating the public health, safety, and welfare of persons and property, including but not limited to fire protection, licensing of the use of bicycles . . . and the regulation or prohibiting of public nudity. . . .

Mich.Comp.Laws Ann § 41.181(1). Public Nudity is defined as "knowingly or intentionally displaying in a public place, or the payment or promise of payment by any person, including but not limited to, payment or promise of payment of admission fee, any individual's genitals or anus with less than a fully opaque covering." Mich.Comp.Laws Ann. § 41.181(3). Thus, under this statute, public nudity is directed to "bottomless" appearances in public places, but not "topless." Although § 41.181(1) delegates authority to townships to regulate public nudity, it does not delegate that authority under the Twenty–First Amendment.

█ Even assuming the township is correct that its authority to regulate public nudity justifies these arrests, Ordinance # 291–A exceeds that authority. The definition of public nudity contained in Michigan Compiled Laws Annotated § 41.181(3) preempts the definition contained in # 291–A. A municipality may not enact an ordinance that is in direct conflict with the state's general statutory scheme and when it does the ordinance is invalid. *Sherman Bowling Center v. City of Roosevelt Park,* 154 Mich.App. 576, 397 N.W.2d 839 (1986). A direct conflict does exist here. The ordinance prohibits what the state statute permits. Because 291–A conflicts with state law, it can not be enforced.

█ Finally, the defendant argues that where an existing enforcement action is pending in the state court, plaintiffs are barred from seeking federal injunctive relief pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under the *Younger* abstention doctrine, if plaintiff seeks a federal court injunction against allegedly unconstitutional state conduct, and is at the time a defendant in a state proceeding, the federal court must deny the injunction. *Younger,* 401 U.S. at 42–45, 91 S.Ct. at 749–51. In *Samuels v. Mackell,* 401 U.S. 66, 91

S.Ct. 764, 27 L.Ed.2d 688 (1971), the Court held that the same considerations that require withholding injunctive relief apply to declaratory relief as well. *See also, Middlesex County Ethics Commission v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

■ The first, and most common exception to *Younger* abstention, is where the federal litigant can show that the state action is part of a program of harassment or bad faith. *Younger,* 401 U.S. at 49, 91 S.Ct. at 753. In *Younger,* the court also stated that there may be "extraordinary circumstances" in which irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment. *Id.* at 53, 91 S.Ct. at 754–55.

The Sixth Circuit has listed three separate factors that a federal court should consider in determining the applicability of the *Younger* abstention rule; 1) whether a state proceeding is pending at the time the federal action is initiated, 2) whether an adequate opportunity is provided to raise the constitutional claims in the state proceeding, and 3) whether there are extraordinary circumstances which nevertheless warrant federal intervention. *Zalman v. Armstrong,* 802 F.2d 199, 202 (6th Cir.1986). This is really nothing more than an organized approach to the *Younger* decision itself.

Here, there is no question that at least two separate state proceedings are pending. Plaintiffs have filed one action in Macomb County Circuit Court, which apparently seeks identical relief as that sought in this court. Further, criminal proceedings for violations of the ordinance are also pending. Thus, plaintiffs have more than an adequate opportunity to raise their constitutional claims in either or both of these two lawsuits. That leaves this court with the third prong of

the Sixth Circuit test: whether extraordinary circumstances justify federal intervention.[1]

Plaintiffs contend that federal intervention is warranted because the ordinance, on its face, flagrantly and patently violates the First Amendment. As noted, we find that Ordinance # 291–A is overbroad on its face as well as unconstitutional under the traditional first amendment balancing test. Plaintiffs are subject to additional arrests and the attendant harassment. Thus, under the third prong of the Sixth Circuit test, we find exceptional circumstances that require federal intervention.

NOW, THEREFORE, IT IS ORDERED that plaintiffs' motion for preliminary injunction is GRANTED and defendant is enjoined from enforcing Ordinance # 291–A.

---

1. Plaintiffs' authority does not support a finding of bad faith. In *The Detroit Edison Co. v. Township of Richmond,* 150 Mich.App. 40, 388 N.W.2d 296 (1986), the court found portions of a township ordinance invalid because the township went beyond its power to adopt zoning ordinances. It is not proper for this court to equate a finding of invalidity with a finding of bad faith. The Michigan court did not imply that because the township went beyond its authority it also acted in bad faith. Since the ordinance was enacted seven moths prior to plaintiffs engaging in conduct that violated the ordinance, the police department's enforcement activity was consistent with enforcement activity for other misdemeanor prosecutions and the arrest/bond procedure was consistent with other misdemeanor prosecutions. We are unable to find evidence of bad faith or harassment.