MAPLE BPA, INC v BLOOMFIELD CHARTER TOWNSHIP

Docket No. 302931. Submitted June 11, 2013, at Detroit. Decided August 6, 2013. Approved for publication September 19, 2013, at 9:05 a.m. Leave to appeal sought.

Maple BPA, Inc, brought an action in the Oakland Circuit Court against Bloomfield Charter Township, seeking a declaratory judgment that a township zoning ordinance on which the Michigan Liquor Control Commission based its decision to deny plaintiff's application for a liquor license was unconstitutional. The court, James M. Alexander, J., granted defendant's motions for summary disposition on the bases that the ordinance did not violate plaintiff's rights to due process and equal protection, state law did not preempt the ordinance, and the ordinance did not violate the Michigan Zoning Enabling Act, MCL 125.3101 *et seq.* Plaintiff appealed.

The Court of Appeals *held*:

1. The Michigan Liquor Control Commission's decision to recognize local zoning authority indicates that the Legislature did , not intend to preempt every local zoning statute that concerns alcoholic beverage sales. The Legislature has not expressly provided that its authority to regulate the field of liquor control is exclusive.

2. To the extent that the Legislature has directly spoken on the issue, Bloomfield Township's zoning ordinance is not more restrictive than the state's statutory requirements. The ordinance mirrors the statutory language and does not provide any further constraint, or prohibit what the statute permits. The state statute and the local ordinance do not directly conflict.

3. The Michigan Zoning Enabling Act provides that regulations must be uniform for each class of land or buildings, dwellings, and structures within a district. MCL 125.3201(2). The act authorizes localities to provide for special land uses within a zoning district. MCL 125.3502(1). A locality's identification of uses and activities that are special uses is consistent with the uniformity requirement of the act.

4. The township's zoning ordinance treats automobile service stations as a special class of buildings within the general business zoning district. The ordinance applies to all, not only to some, automobile service stations. The ordinance does not violate the act's uniformity requirement by treating a special class of buildings differently than other classes of buildings.

5. Plaintiff provided no evidence that restricting the sale of alcoholic beverages at automobile service stations fails to advance defendant's stated purposes, including reducing alcohol-related deaths or injuries. The trial court properly granted defendant summary disposition with regard to plaintiff's due process claim on the basis that plaintiff failed to show that there was a question of fact concerning whether the ordinance was arbitrary and capricious.

6. The trial court properly granted defendant summary disposition with regard to plaintiff's equal protection claim on the basis that plaintiff failed to create a question of fact concerning whether defendant's ordinance was arbitrary and unreasonable.

Affirmed.

1. CONSTITUTIONAL LAW — STATUTES — ORDINANCES — PREEMPTION.

A state statute preempts a local regulation if the local regulation directly conflicts with the state statute or the state statute completely occupies the field that the local regulation attempts to regulate; four guidelines are used to determine whether a statute completely occupies a field: first, there is no doubt that municipal regulation is preempted when the state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive, second, preemption of a field of regulation may be implied upon an examination of legislative history, third, the pervasiveness of the state regulatory scheme may support a finding of preemption, and fourth, the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest.

2. CONSTITUTIONAL LAW — STATUTES — ORDINANCES — PREEMPTION.

State law preempts a local regulation when the regulation directly conflicts with a state statute; a direct conflict exists when a local regulation permits what the state statute prohibits or prohibits what the statute permits.

3. ZONING — MICHIGAN ZONING ENABLING ACT — UNIFORMITY OF REGULATIONS.

The Michigan Zoning Enabling Act provides that the zoning regulations of a municipality shall be uniform for each class of land or

buildings, dwellings, and structures within a district; the act authorizes localities to provide for special land uses within a zoning district and the locality's identification of uses and activities that are special uses is consistent with the uniformity requirement of the act (MCL 125.3201[2]; MCL 125.3502[1]).

4. ZONING — CONSTITUTIONAL LAW — PRESUMPTION OF CONSTITUTIONALITY.

Zoning ordinances are presumed to be constitutional exercises of governmental power; a party challenging a zoning ordinance has the burden to prove that the ordinance is an arbitrary and unreasonable restriction on the owner's use of his or her property; to be arbitrary and capricious, it must appear that the clause attacked is an arbitrary fiat, a whimsical ipse dixit, and that there is no room for a legitimate difference of opinion concerning its reasonableness.

*Friedlaender Rogowski, PLC* (by *Susan K. Friedlaender* and *Joseph M. Rogowski, II*), and *Ronald E. Reynolds* for plaintiff.

*Secrest Wardle* (by *William P. Hampton* and *Shannon K. Ozga*) and *Johnson, Rosati, LaBarge, Aseltiyne & Field, PC* (by *Carol A. Rosati* and *Timothy S. Wilhelm*), for defendant.

Before: WHITBECK, P.J., and METER and DONOFRIO, JJ.

PER CURIAM. Plaintiff, Maple BPA, Inc, appeals as of right the circuit court's order granting summary disposition in favor of defendant, Bloomfield Charter Township (Bloomfield Township). After the Michigan Liquor Control Commission (the Commission) denied Maple BPA's application for a liquor license on the basis that it did not comply with Bloomfield Township's zoning ordinance (the ordinance), Maple BPA sought a declaratory judgment that the ordinance was unconstitutional. Bloomfield Township ultimately moved for summary disposition, which the trial court granted. The trial court based its ruling on its conclusion that state law

did not preempt the ordinance and that the ordinance did not violate the Michigan Zoning Enabling Act.[1] We affirm.

## I. FACTS

### A. FACTUAL BACKGROUND

Maple BPA's property contains a mixture of land uses, including gasoline fuel pumps and a convenience food store. Under the ordinance, "retail package outlets" are a permitted use in Maple BPA's zoning district.[2] A retail package outlet is any building in a commercial business district that is allowed to sell packaged alcohol as an ancillary use of the business. Maple BPA desired to sell packaged alcohol on its premises and in March 2007 it applied to the Commission for a specially designated merchant license. A specially designated merchant license allows the holder to engage in the retail sale of beer and wine for off-premises consumption.[3] The Commission may not prohibit an applicant for a specially designated merchant license from owning fuel pumps if, among other conditions, the location where customers purchase alcohol is 50 or more feet from where customers dispense fuel.[4]

Bloomfield Township subsequently passed a resolution that stated that it did not want to allow "gas stations to sell beer and wine" and that Maple BPA's cash registers were too close to where customers dispensed fuel. Bloomfield Township requested that the Bloomfield Township Police Department inspect Maple BPA's premises.

---

[1] MCL 125.3101 *et seq.*

[2] Bloomfield Township Ordinance, § 42-3.1.6(B-2)(B)(i) and § 42-3.1.7(B-3)(B)(i).

[3] MCL 436.1111(13).

[4] MCL 436.1541(1)(b).

Bloomfield Township Police Captain Steve Cook determined that Maple BPA's premises did not conform with what was then Bloomfield Township Ordinance § 42-307, which required all retail package outlets to be at least 2,640 feet from each other. Bloomfield Township, in turn, informed the Commission that Maple BPA's request did not comply with its zoning ordinance and that the distance between Maple BPA's fuel pumps and its cash registers was 47 feet.

The Commission denied Maple BPA's application on October 29, 2008, finding that Maple BPA did not comply with Bloomfield Township's zoning ordinance. Maple BPA requested a formal hearing, which the Commission held on March 26, 2009. Subsequently, the Commission affirmed its denial of Maple BPA's application.

Bloomfield Township's planning commission then amended the ordinance. The amendment removed the spacing requirement for retail package outlets and banned the sale of alcoholic beverages at "automobile service stations" entirely. Maple BPA sought leave to appeal the Commission's decision, which the trial court denied on the basis that Maple BPA's claims were more appropriately brought in a declaratory judgment action.

### B. PROCEDURAL HISTORY

Maple BPA filed its complaint on February 16, 2010, seeking a declaratory judgment that state law preempts the ordinance, the ordinance violates the Michigan Zoning Enabling Act, and the ordinance violates Maple BPA's rights to due process and equal protection under the act.[5] After the trial court denied Bloomfield Township's initial motion for summary disposition under MCR 2.116(C)(8), Bloomfield Township moved for sum-

---

[5] *Id.*

mary disposition under MCR 2.116(C)(10). The trial court granted Bloomfield Township's motion regarding Maple BPA's constitutional claims, concluding that Maple BPA failed to show that the ordinance was arbitrary and capricious.

In July 2010, Bloomfield Township again amended the ordinance. As amended, the ordinance provides that automobile service stations may sell alcoholic beverages if they meet certain standards,[6] including that (1) alcohol is not sold less than 50 feet from where vehicles are fueled, (2) no drive-thru operations are conducted in the same building, (3) the store meets minimum floor area and lot size requirements, (4) the store has frontage on a major thoroughfare and is not adjacent to a residentially zoned area, (5) the store does not perform any vehicle service operations that would require customers to wait on the premises, and (6) the store is either located in a shopping center or maintains a minimum amount of inventory.[7] After Bloomfield Township revised the ordinance, it renewed its motion for summary disposition.

The trial court granted Bloomfield Township's renewed motion, concluding that state law did not preempt the ordinance as amended and that it did not violate the Michigan Zoning Enabling Act. It also noted that it had previously dismissed Maple BPA's constitutional claims.

## II. PREEMPTION

### A. STANDARD OF REVIEW

This Court reviews de novo questions of law, including whether state law preempts an ordinance.[8]

---

[6] Bloomfield Township Ordinance, § 42-4.23.

[7] *Id.*

[8] *Van Buren Charter Twp v Garter Belt, Inc,* 258 Mich App 594, 602; 673 NW2d 111 (2003).

## B. FIELD PREEMPTION

### 1. LEGAL STANDARDS

State law preempts a local regulation if (1) the local regulation directly conflicts with a state statute or (2) the statute completely occupies the field that the local regulation attempts to regulate.[9] The Michigan Supreme Court has established four guidelines to determine whether a statute completely occupies a field:

> First, where the state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive, there is no doubt that municipal regulation is pre-empted.
>
> Second, pre-emption of a field of regulation may be implied upon an examination of legislative history.
>
> Third, the pervasiveness of the state regulatory scheme may support a finding of pre-emption. While the pervasiveness of the state regulatory scheme is not generally sufficient by itself to infer pre-emption, it is a factor which should be considered as evidence of pre-emption.
>
> Fourth, the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest.[10]

### 2. APPLYING THE STANDARDS

Maple BPA contends that the state has granted the Commission exclusive control over the sale of alcoholic beverages, and therefore state law expressly preempts the ordinance. We disagree.

The Michigan Constitution provides that the Legislature may create a Liquor Control Commission, which

---

[9] *McNeil v Charlevoix Co*, 275 Mich App 686, 697; 741 NW2d 27 (2007).

[10] *People v Llewellyn*, 401 Mich 314, 323-324; 257 NW2d 902 (1977) (citations omitted).

"shall exercise complete control of the alcoholic beverage traffic within this state . . . ."[11] Accordingly, the Legislature created the Commission and gave it "the sole right, power, and duty to control the alcoholic beverage traffic and traffic in other alcoholic liquor within this state, including the . . . sale thereof."[12]

Maple BPA asserts that this Court's decision in *Sherman Bowling Ctr v Roosevelt Park*[13] is analogous to this case. In that case, an ordinance required a business to obtain a local liquor license—as well as a state liquor license—to sell alcohol at outdoor dancing events.[14] We held that "the city ordinance in this case is preempted" because this Court could "find no provision of the liquor law which would allow cities to regulate the sale of alcoholic beverages by establishments holding outdoor events at which entertainment is provided."[15]

We conclude that *Sherman Bowling Ctr* is distinguishable because it did not involve a *zoning* ordinance and the Court in that case could not locate authority by which the state recognized local control of the area in question. Here, the Michigan Administrative Code explicitly provided that an application for a liquor license "shall be denied if the commission is notified, in writing, that the application does not meet all appropriate . . . local . . . zoning . . . ordinances . . . ."[16] The ordinance in question is a local

---

[11] Const 1963, art 4, § 40.

[12] MCL 436.1201(2).

[13] *Sherman Bowling Ctr v Roosevelt Park*, 154 Mich App 576, 584-585; 397 NW2d 839 (1986).

[14] *Id.* at 579-580.

[15] *Id.* at 584-585.

[16] Mich Admin Code, R 436.1003 and former R 436.1005(3) (repealed effective February 29, 2008).

zoning ordinance. But even were *Sherman Bowling Ctr* not distinguishable, it was decided in 1986. This Court must follow published opinions of this Court decided after November 1, 1990.[17]

In contrast, this Court in *Jott, Inc v Clinton Charter Twp* did consider whether the liquor control provisions of the Michigan Administrative Code preempted a local zoning ordinance.[18] In *Jott*, this Court concluded that the Legislature did not intend to preempt the field of liquor control.[19] We reasoned that "it has long been recognized that local communities possess 'extremely broad' powers to regulate alcoholic beverage traffic within their bounds through the exercise of their general police powers, subject to the authority of the [Commission] when a conflict arises."[20] In the context of that zoning regulation, we noted that the Commission explicitly recognized local authority in the area prohibited by the local regulation, which supported our conclusion that the Legislature did not intend preemption in that context.[21]

We conclude that the Commission's decision to recognize local zoning authority indicates that the Legislature did not intend to preempt every local zoning statute that concerns alcoholic beverage sales. Thus, we conclude that the state has not expressly provided that its authority to regulate the field of liquor control is exclusive.

---

[17] *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 285; 769 NW2d 234 (2009); MCR 7.215(J)(1).

[18] *Jott, Inc v Clinton Charter Twp*, 224 Mich App 513, 544; 569 NW2d 841 (1997).

[19] *Id.* at 545.

[20] *Id.*; see *Bundo v Walled Lake*, 395 Mich 679, 699-700; 238 NW2d 154 (1976).

[21] *Jott*, 224 Mich App at 544; also see *Van Buren Charter Twp*, 258 Mich App at 608.

C. CONFLICT PREEMPTION

1. LEGAL STANDARDS

State law preempts a local regulation when that regulation directly conflicts with a state statute.[22] "A direct conflict exists between a local regulation and a state statute when the local regulation permits what the statute prohibits or prohibits what the statute permits."[23]

2. APPLYING THE STANDARDS

Maple BPA contends that the state statute and the ordinance directly conflict because the zoning ordinance is more strict than the state's statutory requirements. We disagree.

In *Noey v Saginaw*,[24] the Michigan Supreme Court concluded that a local ordinance that prohibited the sale of alcoholic beverages between certain hours that a state statute allowed such sales was invalid to the extent that it was more strict than the state statute.[25]

We conclude that *Noey* is distinguishable. In *Noey*, the local ordinance prohibited selling alcoholic beverages during a time that the Legislature had expressly permitted alcoholic beverages to be sold. Unlike in *Noey*, here, the Legislature has not expressly spoken concerning the sale of alcohol in buildings with drive-thru windows, the minimum building area of buildings at which alcohol is sold, or the number of parking spaces required for a building from which alcohol is sold. To the extent that the Legislature has expressly spoken on this issue, Bloomfield Township's zoning

---

[22] *McNeil*, 275 Mich App at 697.

[23] *Id.*

[24] *Noey v Saginaw*, 271 Mich 595; 261 NW 88 (1935).

[25] *Id.* at 597.

ordinance is not more restrictive. The ordinance mirrors the statutory language—it does not provide any further constraint, or prohibit what the statute permits. Therefore, we conclude that in this case, the state statute and the local regulation do not directly conflict.

### III. THE MICHIGAN ZONING ENABLING ACT

#### A. STANDARD OF REVIEW

We review de novo whether an ordinance complies with the Michigan Zoning Enabling Act (the Act),[26] because our analysis involves questions of law.[27]

#### B. LEGAL STANDARDS

Municipalities have the authority to regulate land use through zoning only because the Legislature has specifically granted them that authority in the Act.[28] Thus, a municipality can exercise zoning authority "only to the limited extent authorized by that legislation."[29] The Act provides that "regulations shall be uniform for each class of land or buildings, dwellings, and structures within a district."[30]

#### C. APPLYING THE STANDARDS

Maple BPA contends that Bloomfield Township's zoning ordinance violates the uniformity provisions of the Act, because the ordinance's requirements for retail package outlets are not uniform. We disagree.

---

[26] MCL 125.3101 *et seq.*

[27] *Whitman v Galien Twp*, 288 Mich App 672, 678; 808 NW2d 9 (2010).

[28] *Id.* at 679.

[29] *Id.*

[30] MCL 125.3201(2).

The Act authorizes localities to provide for special land uses within a zoning district.[31] A locality's identification of uses and activities that are special uses is consistent with the Act's uniformity requirement.[32] Here, Bloomfield Township's zoning regulations treat automobile service stations as a special class of buildings within the general business zoning district.[33] The ordinance does not apply only to some automobile service stations—it applies to *all* automobile service stations. We conclude that the ordinance does not violate the Act's uniformity requirement by treating a special class of buildings differently than other classes of buildings.

Here, Maple BPA has failed to demonstrate that Bloomfield Township's zoning ordinance is not uniform concerning the special use of automobile service stations. Additionally, we note that the uniformity requirement generally prevents a locality from making unreasonable classifications within a zoning district, such as by allowing a certain type of land use in parts of one zoning district, but not in other parts of the same zoning district.[34] The ordinance does not provide that automobile service stations or retail package outlets may be located in one part of Bloomfield Township's general business district, but not in other parts.

Maple BPA appears to argue that the ordinance violates the Act because it is actually an improper local business licensing requirement. We conclude that Maple BPA has not properly presented the argument

---

[31] MCL 125.3502(1); *Whitman*, 288 Mich App at 680.

[32] *Whitman*, 288 Mich App at 683.

[33] Bloomfield Township Ordinance, § 42-3.1.7(C)(iv); Bloomfield Township Ordinance, § 42-4.23.

[34] See *Oshtemo Charter Twp v Central Advertising Co*, 125 Mich App 538, 543; 336 NW2d 823 (1983).

for our review. A party abandons an issue when it fails to include the issue in the statement of questions presented in its appellate brief and fails to provide authority to support its assertions.[35] This issue is not contained in Maple BPA's statement of questions presented, and it has provided little authority or analysis to support this assertion. We conclude that Maple BPA has abandoned this argument.

## IV. MAPLE BPA'S CONSTITUTIONAL CLAIMS

### A. STANDARD OF REVIEW

This Court reviews de novo the trial court's determination whether a zoning decision is unconstitutional.[36] We also review de novo the trial court's determination on a motion for summary disposition.[37] A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."[38] A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue.[39]

### B. DUE PROCESS

#### 1. LEGAL STANDARDS

Both the United States and Michigan Constitutions provide that the state shall not deprive any person of

---

[35] *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000).

[36] See *Kropf v Sterling Hts*, 391 Mich 139, 152-153; 215 NW2d 179 (1974).

[37] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[38] MCR 2.116(C)(10); *Maiden*, 461 Mich at 120.

[39] *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

life, liberty, or property without due process of law.[40]
The Due Process Clause protects the liberty and property interests of individuals from arbitrary government actions.[41]

We presume that zoning ordinances are constitutional exercises of governmental power.[42] The party challenging the ordinance has the burden to prove that it is " 'an arbitrary and unreasonable restriction upon the owner's use of his property.' "[43] To be arbitrary and capricious, " '[i]t must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit*, and that there is no room for a legitimate difference of opinion concerning its reasonableness.' "[44]

### 2. APPLYING THE STANDARDS

Maple BPA contends that Bloomfield Township's ordinance in this case is arbitrary and capricious. Maple BPA concedes that regulating the use of alcohol is rationally related to public health and safety, but contends that Bloomfield Township has not shown that its ordinance advances its stated purposes.

We conclude that the trial court properly granted summary disposition. Maple BPA did not carry its burden of showing that there is a question of fact concerning whether the ordinance is arbitrary and capricious. " 'The burden [is] not on the defendants to establish the relationship, but upon the plaintiff to

---

[40] US Const, Am XIV; Const 1963, art 1, § 17; *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998).

[41] *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 370; 803 NW2d 698 (2010).

[42] *Kropf*, 391 Mich at 162.

[43] *Id.*, quoting *Brae Burn, Inc v Bloomfield Hills*, 350 Mich 425, 432; 86 NW2d 166 (1957).

[44] *Kropf*, 391 Mich at 166, quoting *Brae Burn, Inc*, 350 Mich at 432.

show the lack of it.' "[45] Here, the burden is not on Bloomfield Township to prove the validity of its ordinance with evidence. The burden is on Maple BPA to show that *there is no relationship* between Bloomfield Township's goals and its means of attaining them. Maple BPA provided no evidence that restricting the sale of alcoholic beverages at service stations fails to advance Bloomfield Township's stated purposes of reducing alcohol-related deaths and injuries or fails to advance its other stated reasons. Because Maple BPA failed to raise a question of fact concerning the reasonableness of Bloomfield Township's ordinance, the trial court properly granted summary disposition.

### C. EQUAL PROTECTION

Maple BPA asserts that there is no rational reason to treat a business with fuel pumps differently than a business without fuel pumps. We conclude that this equal protection challenge is also without merit.

The Michigan and United States Constitutions provide coextensive provisions on equal protection.[46] Both guarantee equal protection of the law.[47] When a party is not a member of a protected class and does not allege a violation of a fundamental right, "the challenged regulatory scheme will survive equal protection analysis if it is rationally related to a legitimate governmental interest."[48] "[T]he party raising the equal protection challenge has the burden of proving that the challenged law is arbitrary and thus irrational."[49]

---

[45] *Kropf*, 391 Mich at 156, quoting *Northwood Props Co v Royal Oak City Inspector*, 325 Mich 419, 422-423; 39 NW2d 25 (1949).

[46] Const 1963, art 1, § 2; US Const, Am XIV; *Dowerk v Oxford Charter Twp*, 233 Mich App 62, 73; 592 NW2d 724 (1998).

[47] *Dowerk*, 233 Mich App at 73.

[48] *Id.*; see *Frame v Nehls*, 452 Mich 171, 183; 550 NW2d 739 (1996).

[49] *Dowerk*, 233 Mich App at 73.

For the reasons stated in our due process analysis, we conclude that the trial court did not err by granting summary disposition on Maple BPA's due process claim. Though Maple BPA asserts that the ordinance's stated reasons for distinguishing automobile service stations from other types of buildings or land uses are merely "irrational prejudices," it provided no evidence from which the trial court could determine that a question of fact existed concerning the arbitrariness of the ordinance. We conclude that the trial court properly granted summary disposition because Maple BPA failed to create a question of fact concerning whether Bloomfield Township's ordinance was arbitrary and unreasonable.

### V. CONCLUSION

We conclude that state law does not preempt the field of liquor control regulation and that Maple BPA provided no evidence from which the trial court could conclude that Bloomfield Township's ordinance was arbitrary and capricious. We also conclude that Bloomfield Township's ordinance is uniform under the Michigan Zoning Enabling Act and that it is constitutional.

We affirm.

WHITBECK, P.J., and METER and DONOFRIO, JJ., concurred.