*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TREVON JOHNSON,

        Plaintiff-Appellee,

v

MICHIGAN ASSIGNED CLAIMS PLAN and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendants-Appellants.

FOR PUBLICATION
October 16, 2024
11:29 AM

No. 368048
Wayne Circuit Court
LC No. 22-006493-NF

Before: BOONSTRA, P.J., and JANSEN and N. P. HOOD, JJ.

JANSEN, J.

In this case involving first-party personal injury protection (PIP) benefits, defendants appeal as of right the trial court's order of consent judgment entered in plaintiff's favor for $200,000. Defendants' appeal, however, actually relates to the trial court's previous order denying their motion for summary disposition under MCR 2.116(C)(10) (no genuine issue as to any material fact) and their motion for reconsideration. We reverse the order denying defendants summary disposition, vacate the consent judgment entered in plaintiff's favor, and remand for entry of an order granting defendants summary disposition.

## I. BACKGROUND

While driving his vehicle, a "mini bike," in the bike lane, a car trying to make a left turn collided with plaintiff. Plaintiff suffered severe injuries, requiring two surgeries, a lengthy recovery period, and physical therapy. The vehicle was destroyed. The vehicle was not insured, so plaintiff filed a claim for PIP benefits with defendants. However, defendants did not assign plaintiff's claim to an insurer, so plaintiff filed suit.

Defendants moved for summary disposition under MCR 2.116(C)(10). Defendants argued that plaintiff's vehicle was a motorcycle under the no-fault act, MCL 500.3101 *et seq.*, and he was not eligible for PIP benefits because plaintiff was uninsured. Plaintiff argued there was a genuine issue of material fact whether his vehicle was a motorcycle. The trial court agreed with plaintiff and denied defendants' motion for summary disposition. Defendants moved for reconsideration,

arguing that the trial court committed palpable error by relying on photographic images of the vehicle rather than classifying the vehicle based on the statutory elements of a motorcycle. The trial court denied defendants' motion for reconsideration. The parties reached a consent judgment, staying collection pending defendants' pursuit of their appellate rights. This appeal followed.

## II. SUMMARY DISPOSITION

Defendants argue the trial court erred when it denied their motion for summary disposition and their motion for reconsideration.[1]

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "In making this determination, the Court reviews the entire record to determine whether [the] defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court granted summary disposition under MCR 2.116(C)(10), which "tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden* 461 Mich at 120. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Kahlil*, 504 Mich at 160. "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted). "When reviewing a decision on a motion for summary disposition, this Court will not consider evidence that had not been submitted to the lower court at the time the motion was decided." *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009). To the extent this issue involves questions of statutory interpretation of the no-fault act, our review is de novo. *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 577; 983 NW2d 798 (2022).

### B. ANALYSIS

Defendants argue that because plaintiff's vehicle met the statutory definition of a motorcycle, plaintiff was required to be insured to be entitled to PIP benefits. Under the no-fault act, a person cannot recover PIP benefits for accidental bodily injury if, at the time of the collision, the person is the owner of an uninsured motorcycle. MCL 500.3113(b). Defendants and plaintiff

---

[1] Defendants did not specifically challenge the denial of reconsideration in their question presented or brief the issue in their brief on appeal. As such, the issue is abandoned. See *Maple BPA, Inc v Bloomfield Charter Twp*, 302 Mich App 505, 517; 838 NW2d 915 (2013) ("A party abandons an issue when it fails to include the issue in the statement of questions presented in its appellate brief and fails to provide authority to support its assertions.")

do not dispute that plaintiff was involved in a collision while operating an uninsured vehicle. The only dispute is whether the vehicle qualified as a motorcycle under MCL 500.3101(3)(g).

Whether a vehicle is classified as a motorcycle under the no-fault act is governed by MCL 500.3101. Specifically:

"Motorcycle" means a vehicle that has a saddle or seat for the use of the rider, is designed to travel on not more than 3 wheels in contact with the ground, and is equipped with a motor that exceeds 50 cubic centimeters piston displacement. For purposes of this subdivision, the wheels on any attachment to the vehicle are not considered as wheels in contact with the ground. Motorcycle does not include a moped or an [off-road recreational vehicle (ORV)]. [MCL 500.3101(3)(g).]

This section adopts the definition of a moped in MCL 257.32b. MCL 500.3101(3)(f).

(1) "Moped" means a 2- or 3-wheeled vehicle to which both of the following apply:

(a) It is equipped with a motor that does not exceed 100 cubic centimeters piston displacement and cannot propel the vehicle at a speed greater than 30 miles per hour on a level surface.

(b) Its power drive system does not require the operator to shift gears.

(2) Moped does not include an electric bicycle. [MCL 257.32b.]

An ORV is defined as:

[A] motor-driven recreation vehicle designed for off-road use and capable of cross-country travel without benefit of road or trail, on or immediately over land, snow, ice, marsh, swampland, or other natural terrain. ORV includes, but is not limited to, a multitrack or multiwheel drive vehicle, a motorcycle or related 2-wheel, 3-wheel, or 4-wheel vehicle, an amphibious machine, a ground effect air cushion vehicle, an ATV as defined in section 81101 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81101, or other means of transportation deriving motive power from a source other than muscle or wind. ORV does not include a vehicle described in this subdivision that is registered for use on a public highway and has the security required under subsection (1) or section 3103 in effect. [MCL 500.3101(3)(k).]

For plaintiff's vehicle to classify as a motorcycle, defendants must prove: (a) the vehicle had a saddle or seat for plaintiff to sit on, (b) the vehicle only had three or two wheels on which it drove on, (c) the vehicle motor exceeded 50 cubic centimeters (ccs) in piston displacement, (d) plaintiff's vehicle was not a moped, and (e) plaintiff's vehicle was not an ORV. MCL 500.3101(3)(g).

Plaintiff and defendants concur that plaintiff's vehicle had a saddle for plaintiff to sit in and only had two wheels. With respect to motor size, the motor must "exceed[] 50 cubic

centimeters piston displacement." MCL 500.3101(3)(g). Defendants argue the motor exceeds 50 ccs because plaintiff testified about the motor being 212 ccs. While plaintiff did claim he thought the motor was 212 ccs, plaintiff also acknowledged he did not know the motor size. Plaintiff's deposition is at odds with the affidavit of the person who sold the vehicle to plaintiff, Michael Cartwright. Cartwright attested that when he owned the vehicle, the vehicle had a 301-cc motor, and he did not alter the motor other than adding a torque converter.

"Under Michigan law, if a moving party presents evidence to support a motion for summary disposition under MCR 2.116(C)(10), the burden shifts to the party opposing the motion to produce evidence to show that there is a genuine issue of material fact." *Cleveland v Hath*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363321); slip op at 5. A motion for summary disposition is properly granted "unless the moving party's motion fails to present a credible argument or itself presents evidence that creates a question of fact, such as inconsistent testimony about a central fact in the case." *Id*. at ___; slip op at 5. Plaintiff's testimony did not fully rebut defendants' evidence because plaintiff admitted he did not know the size of the motor. In addition, defendants provided communications between plaintiff and Cartwright where Cartwright told plaintiff the motor was 301 ccs. Thus, plaintiff did not provide enough evidence to establish a genuine issue of material fact in light of defendants' evidence regarding the engine size. *Id*. at ___; slip op at 5. As such, there is no genuine issue of material fact that the engine was more than 50 ccs, meeting the statutory motor-size requirement for a motorcycle. MCL 500.3101(3)(g).

Next, defendants must demonstrate that plaintiff's vehicle was not a moped. *Id*. A moped is defined as a vehicle (a) with two or three wheels, (b) with a motor that does not exceed 100 ccs, (c) that cannot go faster than 30 mph, and (d) does not need to shift gears. MCL 257.32b. As noted, plaintiff was unable to rebut defendants' evidence demonstrating the motor was over 50 ccs in size. The evidence established the motor was, at minimum, over 200 ccs. Consequently, defendants have established that plaintiff's vehicle is not a moped because a moped's motor cannot exceed 100 ccs in size. *Cleveland*, ___ Mich App at ___; slip op at 5; MCL 257.32b.

Lastly, defendants must show that plaintiff's vehicle is not an ORV. An ORV is "designed for off-road use" and "capable of cross-country travel without benefit of road or trail, on or immediately over land, snow, ice, marsh, swampland, or other natural terrain." MCL 500.3101(3)(k). Defendants rely on *Nelson v Transamerica Ins Services*, 441 Mich 508, 520; 495 NW2d 370 (1992), to demonstrate why plaintiff's vehicle was not an ORV. In *Nelson*, our Supreme Court held:

> In this case, [the] plaintiff's motorcycle could not legally be operated as a street bike on public highways because it did not have necessary safety features. It was designed without a headlight, turn signals, or brake lights. Its knobby tires and higher suspension would be useful only in negotiating extremely difficult terrain. These facts . . . result in a finding that this plaintiff's motorcycle also meets the ORV exemption in that it is designed only for off-road use. [*Id*.]

Defendants maintain that because plaintiff's vehicle had turn signals, headlights, brake lights, and street tires, it was no longer designed for off-road travel and no longer qualified as an ORV. Defendants rely on other supporting authority showing a vehicle designed for the highway

can be modified to the point where it is no longer designated for use on a highway. See *Gividen v Bristol West Ins Co*, 305 Mich App 639, 643; 854 NW2d 200 (2014) ("Because this evidence established that the Jeep had been modified to the extent that it was no longer 'designed for operation upon a public highway,' the Jeep did not qualify as a 'motor vehicle' under the no-fault act at the time of the accident."); see also *Schoenith v Auto Club of Mich*, 161 Mich App 232, 236; 409 NW2d 795 (1987)[2] ("[T]his Court [has] held that a street stock car involved in a stock car race was not a motor vehicle. . . . [I]ts outside lights and glass [were] removed, [it] was equipped with only one seat and a full roll cage, [and it] was without lights, windshield wipers, turn signals, and exhaust pipes."); *Apperson v Citizens Mut Ins Co*, 130 Mich App 799, 802; 344 NW2d 812 (1983) ("We believe it is entirely logical that a vehicle which was originally designed for use upon public highways can be modified to such a degree that it loses its status as a 'motor vehicle.' ").

More recently, this Court determined that a "mud bog," a vehicle without headlights, taillights, mirrors, turn signals, a speedometer, an odometer, bumpers, horn, or an exhaust system, with installed "super swamper bogger" tires that were not road legal, lacked safety features and was modified to the extent that made it dangerous, if not impossible, to be driven on a roadway, constituted an ORV. *Snyder v Mich Assigned Claims Plan*, unpublished per curiam opinion issued January 17, 2017 (Docket No. 329779), p 3-4.[3] The Court noted that it was never operated on a public highway, was not designed for operation on a public highway, and lacked registration and no-fault insurance. *Id*. at 2, 4. As such, the mud bog constituted an ORV, did not constitute a "motor vehicle" for purposes of the no-fault act, and the plaintiff injured in the collision with the mud bog was not entitled to PIP benefits. *Id*. at 4.

Additionally, in *Emmendorfer v Pioneer State Mut Ins Co*, unpublished per curiam opinion issued July 2, 2020 (Docket No. 347365), p 1, the plaintiff owned a bicycle with a gas engine installed, and was using it for everyday transportation because he had a suspended driver's license, when he was in a collision. The bicycle was uninsured. *Id*. Although the issue in that case was whether the trial court properly granted the defendant summary disposition based on spoliation of evidence because the plaintiff disposed of the bicycle knowing its inspection was integral to the case, *id*. at 7-10, the Court determined that the record evidence, as a matter of law, did not establish that the bicycle was an ORV, *id*. at 7. In part, this was because the plaintiff used the bicycle for everyday transportation on public roads, it had basic safety features consistent with road use, including a gas-powered engine, exhaust system, front and rear brakes, and lights, and there was no evidence it was designed for off-road use. *Id*. at 5-6. Thus, this Court affirmed summary

---

[2] "Although this Court is not required to follow cases decided before November 1, 1990, a published case decided by this Court has precedential effect under the rule of stare decisis." *Encompass Healthcare, PLLC v Citizens Ins Co*, 344 Mich App 248, 257 n 3; 998 NW2d 751 (2022) (quotation marks and citation omitted); see also MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.")

[3] Although unpublished opinions are not precedentially binding, in the absence of published authority "on point," unpublished opinions may be considered as persuasive. *Lakeside Retreats LLC v Camp No Counselors LLC*, 340 Mich App 79, 97-98; 985 NW2d 255 (2022).

disposition in the defendant's favor based on spoliation of evidence, but noted that there were alternative grounds to affirm because insufficient evidence existed to establish that the plaintiff was entitled to PIP benefits, i.e., that the bicycle was an ORV. *Id.* at 10.

In the instant matter, the ultimate issue is whether plaintiff's mini bike constitutes an ORV, and if not, whether it meets the statutory definition for "motorcycle" to require no-fault insurance coverage. We conclude that the vehicle is not an ORV because it was not designed for or capable of off-road travel. MCL 500.3101(3)(k). Although the above caselaw demonstrates instances where a vehicle was modified to the extent that it became an ORV, and here, we have a vehicle that was modified to the extent of being street-capable, the same reasoning applies. Plaintiff's vehicle was modified to the extent that it could be driven on the street. His testimony established that it had brake lights, headlights, turn signals, and "big street tires." Plaintiff argues for the first time on appeal that the photograph of the vehicle does not clearly show these modifications; however, plaintiff's deposition testimony clearly established these features on the mini bike. He referred to it as a "street bike," and was riding in the bike lane when the collision occurred. Thus, there is no question of fact, based on plaintiff's undisputed testimony, that his vehicle was not an ORV because the modifications made it neither designed for nor capable of off-road travel. *Id.* Therefore, the trial court erred in denying defendants summary disposition under MCR 2.116(C)(10) because, as a matter of law, plaintiff's vehicle was a motorcycle, MCL 500.3101(3)(g), and required no-fault insurance to entitle plaintiff to PIP benefits, MCL 500.3113(b). Because plaintiff had no insurance, he cannot recover. *Id.*

The order denying defendants summary disposition is reversed, the judgment entered in plaintiff's favor is vacated, and we remand to the trial court for entry of order granting defendants summary disposition. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark T. Boonstra
/s/ Noah P. Hood

-6-